liWALTZER, Judge.
On 8 November 1994, Lake Marina Tower Condominium Association, Inc., sued Ceramic Systems, Inc., John Koeppel, Jr. and American Matrix Technologies, Inc., for breach of contract and for negligent injury to property. These defendants answered the suit. Ceramic Systems filed a third party demand against Kimbrough’s Pool Plastering, Inc., Kimbrough’s insurer, Essex Insurance Company, and David Kimbrough. These third party defendants answered the demands. The Association also amended its demands for relief from these third party defendants. On 7 November 1997, Ceramic Systems and John Koeppel, Jr. moved for “partial summary judgment.” After hearing the motion, the trial court granted summary judgment to John Koeppel, Jr. and dismissed the Association’s claims against him by judgment dated 5 January 1998. On 6 January 1998, the Association moved to continue trial of the remaining claims, until determination of the appeal. Furthermore, it moved for devolutive appeal of the “final judgment,” and the court set the return date.
RIGHT TO APPEAL
The dispositive issue is whether the judgment granting Koeppel’s motion for summary judgment is appealable under La. C.C.P. art.1915, as amended by Acts 1997, No. 483, § 2, eff. July 1,1997.
La.C.C.P. art.1915 provides in pertinent part:
B. (1) When a court renders a partial judgment or |2partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, reeonven-tional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.
The Association asks this court to consider its appeal of a “final judgment.” On 5 January 1998, the trial court dismissed elaims against John Koeppel, Jr. However, this dismissal does not end the suit. This partial summary judgment does not constitute a final, appealable judgment.
In the instant case, the trial court was silent as to whether there was just reason for delaying the appeal, and it did not designate the judgment as a final judgment for the purpose of an immediate appeal. The mere signing of the order of appeal does not satisfy the requirements of La.C.C.P. art. 1915(B) for an immediate appeal. Jackson v. America’s Favorite Chicken Co., 98-0605 (La. 4 Cir. 2/3/99), 729 So.2d 1060.
The record does not evidence either the trial court’s “express” determination and designation that the partial summary judgment constitutes “a final judgment” or the parties’ specific agreement. When the parties affected by the partial judgment have “specifically agreed” that such a judgment constitutes a final judgment for immediate appeal, sueh an agreement, whether oral or written, must form part of the record before lodging of the appeal. Jackson, supra.
*474 The Association appeals the 5 January-1998 Judgment, granting Koeppel’s motion for summary judgment and dismissing all claims against him. The record contains no evidence that the trial court or the parties considered the requirements Igfor appealing such a partial summary judgment. Because we find the record does not evidence compliance with the La.C.C.P.1915(B), we must dismiss the appeal by the Association of this 5 January 1998 partial summary judgment. CONCLUSION
We dismiss the appeal of the 5 January 1998 judgment, dismissing all claims against one defendant, Koeppel, because the record contains no evidence that the parties complied with the requirements of La.C.C.P. art. 1915.

APPEAL DISMISSED.