729 So.2d 748 (1999)
Louise NARCISE, etc.
v.
JO ELLEN SMITH HOSPITAL, Dr. Sherman, the City of New Orleans Department of Emergency Medical Services, ABC Insurance Company and XYZ Insurance Company.
Nos. 98-CA-0918,98-C-2417.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1999.
*749 John D. Rawls, Robert L. Hackett, Judith A. Gic, New Orleans, Louisiana, for Plaintiffs/Appellants.
Daryl A. Higgins, Thomas W. Darling, Windhorst, Gaudry, Ranson, Higgins & Gremillion, Gretna, Louisiana, Attorneys for Defendant/Appellee.
Court composed of Judge MOON LANDRIEU, Judge PATRICIA RIVET MURRAY, Judge Pro Tempore JAMES A. GRAY, II.
JAMES A. GRAY, II, Judge Pro Tem.
Plaintiffs appeal the trial court's denial of their motion to vacate the partial summary judgment which dismissed their claim against defendant Jo Ellen Smith Medical Center. Plaintiffs contend that the court's refusal to vacate the partial summary judgment is erroneous because new evidence submitted *750 by plaintiffs with their motion establishes a genuine issue of material fact. Plaintiffs also argue that the trial court abused its discretion by designating, in the order denying plaintiffs' motion to vacate, the partial summary judgment as a final, appealable judgment. Anticipating the success of this procedural argument, plaintiffs have filed, contemporaneous with their appeal, an application for supervisory writs urging us to consider the merits of the trial court's judgment.

FACTS
Louise Narcise brought this action alleging the wrongful death of her husband, who suffered a heart attack at home and died in an ambulance en route to the hospital. Plaintiffs (Mrs. Narcise and the administratrix of her husband's succession) claim that the ambulance was approaching Jo Ellen Smith Medical Center when it was negligently diverted to Charity Hospital by order of a Jo Ellen Smith emergency room physician, and that the resulting delay caused her husband to lose a chance of survival he otherwise would have had. Defendants include Jo Ellen Smith Medical Center [hereinafter referred to as "Jo Ellen Smith"][1], Dr. Ivan Sherman (the emergency room physician who allegedly diverted the ambulance), the City of New Orleans Department of Health Emergency Services, and various insurance companies.

PROCEDURAL HISTORY
Jo Ellen Smith filed a motion for summary judgment on the grounds that Mr. Narcise had already expired when the ambulance was diverted, and therefore the diversion order did not lessen his chance of survival. On July 7, 1997, the trial court (Judge Yada Magee) granted partial summary judgment, dismissing with prejudice plaintiffs' claim against Jo Ellen Smith. The judgment contained no designation as a final judgment or certification for appeal. La. C.C.P. Article 1915(B)(1), effective July 1, 1997, and expressly made retroactive to all pending lawsuits, states:
When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.
Seeking to comply with this Article, Jo Ellen Smith filed a Motion to Designate Judgment as a Final Judgment and a Motion for New Trial to Amend the Judgment of July 7, 1997. These motions were heard by Judge Medley. On November 25, 1997, Judge Medley denied the two motions, with written reasons stating that he found no unusual or extraordinary circumstances which would justify the designation of this partial summary judgment as a final, appealable judgment.
On December 11, 1997, plaintiffs filed a Motion to Vacate Partial Summary Judgment on the merits, arguing that the deposition and affidavit of Dr. William Huffman, an expert in emergency medicine retained by them, established the existence of a genuine issue of material fact not present at the time the motion was decided. In his affidavit, Dr. Huffman opined that the time delay before reaching the hospital cost Mr. Narcise the loss of a chance of survival.
Procedurally, the plaintiffs argued that the trial court had the authority to alter the partial summary judgment under part (2) of La. C.C.P. Article 1915(B), which provides:
In the absence of such a determination and designation [as a final judgment], any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued *751 may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
Following a hearing, the trial court (Judge Magee) rendered judgment denying the plaintiffs' motion to vacate. That judgment, issued March 13, 1998, concludes with these words:
IT IS ORDERED, ADJUDGED and DECREED that the motion to vacate partial summary judgment filed on behalf of plaintiff, Louise Narcise and against the defendant, Jo Ellen Smith Medical Center is hereby denied and the motion for summary judgment is a final one.
Judge Magee issued written reasons for judgment which pertain only to the merits of the partial summary judgment; she does not mention the issue of certification as a final judgment.
The plaintiffs have appealed the March 13th judgment, raising two issues:
(1) Does the statement in the March 13th judgment regarding the finality of the partial summary judgment constitute a valid certification of the partial summary judgment for appeal under La. C.C.P. Article 1915(B)?
(2) Assuming there is a valid certification, did the trial court err in upholding the partial summary judgment on the merits (i.e., concluding that there is no genuine issue of material fact)?
Additionally, in the event we determine that the partial judgment was not properly certified for appeal, plaintiffs have filed an application for supervisory writs asking us to consider the merits of the trial court's refusal to vacate that judgment. Plaintiffs also filed a motion to consolidate their appeal with their writ application, and on October 23, 1998, this court issued an order consolidating same.

CERTIFICATION FOR APPEAL
We first address this procedural issue.
Prior to the 1997 amendments to La. C.C.P. Article 1915, the granting of a motion for summary judgment dismissing a party to the lawsuit would have been considered a final judgment subject to immediate appeal. Douglass v. Alton Ochsner Medical Foundation, 96-2825, pp. 3-4 (La.6/13/97); 695 So.2d 953, 955. Now, however, Article 1915(B) provides that when a court renders a partial summary judgment as to "one or more but less than all of the ... parties," that judgment does not constitute a final judgment for purposes of appeal "unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay." In the absence of such an agreement or designation, the party's right to appeal the partial judgment may be exercised only after the rendition of a final judgment terminating the entire case.
Since the 1997 amendments to Article 1915, the appellate courts of this state have repeatedly considered the issues of what constitutes proper certification of a partial summary judgment, and what should be the result when a party attempts to appeal an uncertified judgment. Recently, in Jackson v. America's Favorite Chicken Company, 98-0605 (La.App. 4 Cir. 2/3/99); 729 So.2d 1060, this court examined all the prior decisions of this circuit concerning Article 1915 certification and issued a set of general rules to be applied to future appeals of partial judgments which lack the proper certification or agreement of the parties.
In summary, those rules are as follows:
(1) This court will not convert an appeal of a non-final judgment to a supervisory writ where no application has been filed; however, as always, parties aggrieved by an interlocutory ruling have the right to seek supervisory review by writ application, and we will continue to deal with such requests in the manner we deem appropriate.
(2) Appeals of partial judgments lacking the requisite certification or agreement will be remanded to the trial court to consider certification in instances where the partial judgment was signed before or shortly after July 1, 1997, the effective date of Act 483, which amended Article 1915. Where the partial judgment was signed long after *752 the effective date, however, the appeal will be dismissed.
(3) A trial court's mere signing of an order for appeal from a partial judgment will not make that judgment immediately appealable.
(4) Valid certification of a partial judgment as final requires that the trial court give explicit reasons on the record as to why there is no just reason for delay; mere conclusory statements do not suffice. Likewise, an agreement of the parties must be clear from the record.
(5) Certification or agreement by the parties must be of record when the appeal is first filed; it cannot be accomplished at the appellate level.
In the instant case, there is no agreement of the parties. Plaintiffs argue that the statement in the March 13th judgment as to the finality of the prior judgment does not constitute proper certification. Specifically, they contend that Judge Magee's language, designating the motion for summary judgment, rather than the judgment itself, as a final one, is of no effect. Alternatively, they argue that the designation does not amount to a proper certification because it lacks an "express determination that there is no just reason for delay," especially in view of Judge Medley's prior express determination, following a hearing on the issue, that there were no unusual or extraordinary circumstances which warranted an immediate appeal of the judgment. As previously noted, plaintiffs have filed, simultaneously with their appeal, an application for supervisory writs urging us to review the merits of the denial of the motion to vacate.
Defendant, for its part, argues that Judge Magee clearly intended for the partial summary judgment to be considered final and subject to immediate appeal. Defendant also contends that because the denial of its motion for certification was interlocutory in nature, Judge Magee had the authority under Article 1915 to revise Judge Medley's ruling at any time prior to final adjudication of the entire case.
The facts of the instant case do not fit squarely within any of the rules enunciated by this court in Jackson v. America's Favorite Chicken Company. The partial summary judgment was rendered July 7, 1997, only six days after the effective date of the amendments to Article 1915. Although this temporal proximity would trigger a remand under the aforementioned rules, the reason we gave in Jackson for allowing remand under those circumstances (i.e., that the trial court could not have known at the time that certification or agreement was necessary to make the judgment immediately appealable) is not present in the instant case. The trial court was expressly made aware of this fact when the defendant filed its motion to certify the partial judgment as final. At this point, Judge Medley made a specific ruling that the judgment was not immediately appealable. Then, in her denial of plaintiffs' motion to vacate the partial summary judgment, Judge Magee included the statement that the motion for partial summary judgment "is a final one."
It is clear that, under the rules set forth in Jackson, Judge Magee's statement does not qualify as a proper certification because there are no express reasons in the record justifying appeal without delay. Moreover, there is Judge Medley's ruling, which arguably is still valid, refusing to certify the judgment. Under these circumstances, we are compelled to dismiss the appeal.
However, because plaintiffs have also filed a writ application, and because all parties clearly desire that the merits of the trial court's refusal to vacate the partial summary judgment be reviewed at this time, in the interest of judicial economy we have decided to grant the application for supervisory review.

DENIAL OF MOTION TO VACATE
Plaintiffs brought their motion to vacate by authority of La. C.C.P. Article 1915(B)(2), which provides, in pertinent part:
Any such order or decision issued [which has not been certified as final] may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties. [Emphasis added].
*753 The partial summary judgment in favor of Jo Ellen Smith was rendered July 7, 1997. It was presumably based upon the deposition testimony of two emergency room physicians, Dr. Harvey Malone and Dr. Keith Van Meter. They opined that, within reasonable medical probability, Mr. Narcise was already dead when the order to divert the ambulance came in, despite the fact that he had an agonal heart rhythm and was being given CPR.
Plaintiffs' motion was based upon the deposition of Dr. William Huffman, taken in October of 1997. Dr. Huffman, also an expert in emergency medicine, stated that, because of the absence of a monitor on the ambulance, it was impossible to tell which of three types of arrhythmia (heart attack) Mr. Narcise suffered. However, assuming the most common type (ventricular fibrillation or "V-fib"), Dr. Huffman opined that the fourteen-minute lapse between the time the ambulance arrived at Charity and the time it would have arrived at Jo Ellen Smith had it not been diverted cost Mr. Narcise a chance of survival. He also testified that it was beneath the standard of care to divert an ambulance with a patient who was receiving CPR.
The issue presented by plaintiffs' motion to vacate was whether Dr. Huffman's testimony established a genuine issue of material fact, which would require the summary judgment to be vacated. In denying the motion, the trial judge issued written reasons, stating:
In Dr. William R. Huffman's deposition, Dr. Huffman states that in his expert opinion that their [sic] is no way to ascertain the type of rhythm (heart attack) Mr. Narcise suffered at 21:57. Furthermore, Mr. Narcise's chances of survival as outlined in Dr. Huffman's deposition are based upon too many unsupported assumptions of facts which dealt with what should have or could have been done by the EMTs at the time they arrived at the deceased's home. Based upon the evidence and the most recent deposition submitted, it is the opinion of this Court that plaintiff will not be able to meet its burden of proof at trial that more probable than not Mr. Narcise had a chance of survival.
Although we review the denial of a motion to vacate under an abuse of discretion standard, in this instance, to determine whether the trial court abused its discretion, we are required to consider the propriety of the granting of summary judgment, which must be reviewed de novo. As we stated in Cressionnie v. Liberty Mutual Insurance Co., 98-0534, p. 3 (La.App. 4 Cir. 4/8/98), 711 So.2d 364, 366; writ denied, 98-1262 (La.6/19/98), 721 So.2d 476:
Appellate courts must review summary judgment de novo, asking the same questions as do trial courts: whether any genuine issues of material fact exist, and whether the mover is entitled to judgment as a matter of law. In determining whether an issue is "genuine" courts cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence.
[Citations omitted.]
In the instant case, the reasons for judgment suggest that the trial judge evaluated the testimony of Dr. Huffman and determined that, because it was "based upon too many unsupported assumptions of facts", it was not sufficiently persuasive for the plaintiffs to prevail at trial. Such an evaluation is impermissible under the standard quoted above. Dr. Huffman's opinion that the diversion order caused Mr. Narcise to lose a chance of survival, which opinion admittedly differs from that of the other medical experts, creates a genuine issue of material fact as to the liability of the hospital, Jo Ellen Smith.
We are not persuaded by defendant's argument that the summary judgment in favor of Jo Ellen Smith should be upheld because the hospital cannot be liable under the doctrine of respondeat superior for the actions of Dr. Sherman, an independent contractor. First, there seems to be a factual issue as to whether Dr. Sherman actually gave the order. The nurse who transmitted it testified that Dr. Sherman gave the order, and the ambulance driver stated he was told by the dispatcher that an emergency room physician diverted the ambulance. Dr. Sherman, *754 however, stated he did not remember giving the order.
Moreover, a hospital may, under the appropriate factual circumstances, be held liable for the negligence of a non-employee staff physician under theories other than respondeat superior. See, e.g.: Hastings v. Baton Rouge General Hospital, 498 So.2d 713 (La.1986); Griffin v. Kinberger, 94-0262 (La.App. 4 Cir. 12/15/94), 647 So.2d 1270 writ denied, 95-0130 (La.3/10/95), 650 So.2d 1187.
We conclude that, because the testimony of Dr. Huffman established a genuine issue of material fact, the trial court erred in refusing to vacate the partial summary judgment.
Accordingly, for the reasons stated, we dismiss plaintiffs' appeal and grant plaintiffs' application for supervisory review. Upon review, we reverse the judgment of the trial court denying plaintiffs' motion to vacate; we vacate the partial summary judgment rendered July 7, 1997 and remand this matter to the trial court for further proceedings consistent with this opinion.
APPEAL DISMISSED; WRIT GRANTED; AND JUDGMENT REVERSED.
NOTES
[1] Appellee herein is Tenet Healthsystems Hospitals, Inc. d/b/a Jo Ellen Smith Medical Center, formerly known as NME Hospitals, Inc. d/b/a Jo Ellen Smith Medical Center. For purposes of clarity, defendant/appellee will be referred to as "Jo Ellen Smith."