1 .WALTZER, Judge.
Tele-Publishing, Inc. (TPI) appeals a partial summary judgment awarding the plaintiff, Gambit Communications, Inc. formerly Firstar Communications, Inc., damages in the amount of $31,843.64.
HISTORY OF THE CASE
On 3 May 1996, Gambit filed suit against TPI for a declaratory judgment terminating the contract between the parties. In a proceeding filed after this petition for declaratory judgment, Gambit sued defendant to recover an amount due under the contract.[1] TPI answered the petition for declaratory judgment, and this answer included a reeonventional demand, seeking compensation for lost profits.[2] Gambit answered TPI’s reeonventional demand. On 6 November 1997, Gambit moved for summary judgment to recover an amount owed under the contract. TPI opposed this motion. After hearing Gambit’s motion, the trial court granted summary judgment on 2 February 1998, awarding Gambit $31,-843.64 against TPI. On 18 March 1998, the trial court issued reasons for this judgment. In the Reasons for Judgment, the trial court concluded that “the contract between lathe parties did not automatically renew, that TPI breached the aforesaid contract, and that Gambit is entitled to summary judgment against TPI in the amount of $31,843.64, plus interest from the date of judicial demand.” TPI appealed this partial summary judgment.
RIGHT TO APPEAL
The dispositive issue is whether the 2 February 1998 judgment granting Gambit’s motion for summary judgment is ap-pealable under La.C.C.P. art.1915, as amended by Acts 1997, No. 483, § 2, eff. July 1,1997.
La.C.C.P. art.1915 provides in pertinent part:
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, re-conventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.
Gambit filed two separate proceedings, demanding both a declaratory judgment and a judgment for damages. TPI, in its answer to the demand for declaratory judgment, filed a reeonventional demand, seeking compensation for lost profits. This demand has not been resolved, even though the trial court found in its Reasons for Judgment that “the contract between the parties did not automatically renew, that TPI breached the aforesaid contract, and that Gambit is entitled to summary judgment against TPI in the amount of $31,843.64, plus interest from the date of judicial demand.” Furthermore, at the argument of this matter on appeal, the parties agreed that this partial judgment did not resolve the dispute. Therefore, |athe February judgment awarding Gambit $31,-843.64 is a partial judgment and is not a *91 final appealable judgment without either the agreement of the parties or the trial court’s certification.
The partial summary judgment does not constitute a final, appealable judgment either “unless specifically agreed to by the parties or unless designated as a final judgment by the court by an express determination that there is no just reason for delay.” La.C.C.P. art. 1915(B)(1). Furthermore, La.C.C.P. art. 1915(B)(2) provides that such partial judgments, “shall not constitute a final judgment for the purpose of an immediate appeal.” [Emphasis added.]
The record does not evidence either the parties’ specific agreement or the trial court’s “express” determination and designation that the partial summary judgment constitutes “a final judgment.” Moreover, the record contains no evidence that the parties, prior to lodging this appeal, considered the requirements for appealing such a partial summary judgment, either by an agreement or a certification. Jackson v. America’s Favorite Chicken Co., 98-0605 (La.App. 4 Cir. 2/3/99); 729 So.2d 1060.
CONCLUSION
We find the record does not evidence compliance with the La.C.C.P. art.l915(B). Accordingly, we dismiss the appeal by TPI of the 2 February 1998 judgment.

APPEAL DISMISSED.

. From the record, we learn of the two suits only because the subsequent petition for money was attached to a memorandum in opposition to the declinatory exception in the first proceeding. The record does not contain any order consolidating these separate actions. However, we assume the trial court consolidated these proceedings.

. The record does not contain an answer by TPI to Gambit’s petition for monies due under the contract.