737 So.2d 197 (1999)
CITY OF NEW ORLEANS
v.
William HOWENSTINE.
No. 98-CA-2157.
Court of Appeal of Louisiana, Fourth Circuit.
May 5, 1999.
*198 William "Van" Howenstine, New Orleans, Louisiana, Defendant/Appellant, in pro. per.
Court composed of Judge JOAN BERNARD ARMSTRONG, Judge MIRIAM G. WALTZER and Judge Pro Tempore PHILIP C. CIACCIO.
ARMSTRONG, Judge.
This is an action by the City of New Orleans to seek a mandatory injunction ordering a property owner to remove certain improvements to property, which were made without a required Historic District Certificate of Appropriateness. However, the judgment appealed from is not a final, appealable judgment. Therefore, we must dismiss the appeal without prejudice.
The City brought this injunction action against William Howenstine. Mr. Howenstine, who is pro se, filed a reconventional demand seeking money damages due to the City's alleged interference with the painting of his property.
Trial was held. At the trial, the trial judge stated clearly on the record that he was trying only the City's principal demand and that he was not, at that time, trying the reconventional demand. That may have been because the City had not filed any Answer to the reconventional demand.
After trial, the trial court rendered judgment on the City's principal demand, in favor of the City, which judgment ordered the removal of the improvements. The judgment is completely silent as to the reconventional demand which silence is, of course, perfectly consistent with the trial judge's statement at trial that he was not trying the reconventional demand at that time. Manifestly, the judgment does not decide the reconventional demand which, consequently, remains pending.
Article 1915 of the Code of Civil Procedure was amended by Acts 1997, No. 483, to add the following:
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay. (2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
It is clear that the judgment in the present case does not adjudicate all of the claims of all of the parties because there has been no decision as to the reconventional demand. The trial court did not designate the judgment as a final judgment or make an express determination that there is no just reason for delay. The record does not contain any agreement of the parties that the judgment be a final judgment. Thus, the judgment is not appealable.
Because of the 1997 amendments to Article 1915, this court, en banc, adopted rules for dealing with appeals taken from non-appealable judgments in Jackson v. America's Favorite Chicken Co., 98-0605 (La.App. 4 Cir. 2/3/99), 729 So.2d 1060. Those rules were succinctly summarized in *199 Narcise v. JoEllen Smith Hospital, 98-0918 (La.App. 4 Cir. 3/10/99), 729 So.2d 748, as follows:
This court will not convert an appeal of a non-final judgment to a supervisory writ where no application has been filed; however, as always, parties aggrieved by an interlocutory ruling have the right to seek supervisory review by writ application, and we will continue to deal with such requests in the manner we deem appropriate.
Appeals of partial judgments lacking the requisite certification or agreement will be remanded to the trial court to consider certification in instances where the partial judgment was signed before or shortly after July 1, 1997, the effective date of Act 483, which amended Article 1915. Where the partial judgment was signed long after the effective date, however, the appeal will be dismissed.
A trial court's mere signing of an order for appeal from a partial judgment will not make that judgment immediately appealable.
Valid certification of a partial judgment as final requires that the trial court give explicit reasons on the record as to why there is no just reason for delay; mere conclusory statements do not suffice. Likewise, an agreement of the parties must be clear from the record.
Certification or agreement by the parties must be of record when the appeal is first filed; it cannot be accomplished at the appellate level.
Following the above-summarized rules, and noting that the judgment in this case was signed June 5, 1998, we will dismiss this appeal without prejudice. See also Firstar Communications of Louisiana, L.L.P. v. Tele-Publishing, Inc., 98-1816 (La.App. 4 Cir. 3/17/99), 732 So.2d 89 (dismissing appeal because reconventional demand not decided by judgment); Lake Marina Tower Condominium Association, Inc. v. Ceramics Systems, Inc., 98-0850 (La.App. 4 Cir. 2/3/99), 730 So.2d 472, Mona Lisa Deal v. HANO, 98-1530 (La. App. 4 Cir. 2/17/99), 735 So.2d 685.
For the foregoing reasons, this appeal is dismissed without prejudice. Once the trial court has rendered judgment on the reconventional demand, so that the entire case has been decided below, Mr. Howenstine can appeal again raising the same issues as he has attempted to raise in this appeal plus any other issues that he specifies.
DISMISSED WITHOUT PREJUDICE.