775 So.2d 695 (2000)
Donald J. NALTY and Frank E. Schmidt
v.
D.H. HOLMES COMPANY, LTD.
No. 99-CA-2826.
Court of Appeal of Louisiana, Fourth Circuit.
December 27, 2000.
Rehearing Denied January 12, 2001.
Charles A. Snyder, Milling Benson Woodward L.L.P., New Orleans, LA, Counsel for Plaintiff/Appellee (Donald J. Nalty).
F. Evans Schmidt, Denechaud and Denechaud, New Orleans, LA, Counsel for Plaintiff/Appellee (Frank E. Schmidt).
Robert A. Kutcher, Nicole S. Tygier, John B. Krentel, Chopin, Wagar, Cole, Richard, Reboul & Kutcher, L.L.P., Metairie, *696 LA, Counsel For Defendant/Appellant.
Court composed of Chief Judge KLEES, Judge BYRNES, Judge KIRBY.
KIRBY, Judge.
Defendant, D.H. Holmes Company, Ltd., appeals three judgments of the trial court, which all favored the plaintiffs, Donald J. Nalty and Frank E. Schmidt. These judgments include: 1) the February 8, 1999 judgment granting plaintiffs' motion for partial summary judgment on the issue that plaintiffs are eligible for benefits under a deferred compensation plan adopted by defendant, 2) the April 13, 1999 judgment denying defendant's motion for summary judgment on the issue that plaintiffs were "interested directors" who were not entitled to plan benefits under La. R.S. 12:84(A), and 3) the May 3, 1999 judgment granting plaintiffs' cross motion for partial summary judgment, dismissing defendant's reconventional demand.
On June 25, 1993, plaintiffs filed a petition for declaratory judgment, requesting a declaration that they are entitled to certain benefits under the D.H. Holmes Company, Limited Executive Savings and Retirement Plan. Plaintiffs were directors of D.H. Holmes department stores when this plan was created in 1985. When D.H. Holmes was taken over by Dillard Department Stores, Inc. in 1989, plaintiffs were not retained as directors. Plaintiffs claim that their termination was involuntary, while Dillard's position is that plaintiffs voluntarily terminated their positions by certain pre-merger actions taken by them. Plaintiffs argue that they are entitled to benefits under the D.H. Holmes plan that are available to participants who are involuntarily terminated, whereas D.H. Holmes argues that plaintiffs are only entitled to benefits available to participants who voluntarily resign.
Plaintiffs filed a motion for summary judgment, arguing that there is no issue as to the fact that they are eligible for full benefits under the plan because their plan participation was involuntarily terminated pursuant to a "change of control" in the company. On February 8, 1999, the trial court granted partial summary judgment in favor of plaintiffs, finding that they are eligible for benefits under the deferred compensation plan adopted by D.H. Holmes Company, Ltd. prior to its acquisition by Dillard's Department Stores. However, the trial court also stated that it was unable on a motion for summary judgment to determine the precise benefits to which the movers are entitled. The court stated that determination of benefits must be resolved at a trial on the merits.
D.H. Holmes subsequently filed a motion for summary judgment on the grounds that the retirement plan that plaintiffs seek to enforce is void as to them because they participated in adopting that plan as directors of D.H. Holmes, in violation of La. R.S. 12:84, the Louisiana Interested Director's Statute. On April 13, 1999, the trial court denied this motion for summary judgment.
Plaintiffs subsequently filed a cross motion for partial summary judgment as to D.H. Holmes' reconventional demand. Plaintiffs allege that the causes of action stated in the reconventional demand are without merit and should be dismissed because the material facts were disclosed to the entire Board of Directors, the interested and uninterested directors in good faith voted unanimously in favor of adoption of the plan as presented, the plan was unquestionably fair to the corporation at the time it was adopted because it was presented as being no ultimate cost to the company, and D.H. Holmes has no cause of action under the Bangor Punta Doctrine enunciated by the United States Supreme Court. On May 3, 1999, the trial court granted plaintiffs' cross motion for partial summary judgment, dismissing the reconventional demand of D.H. Holmes.
D.H. Holmes moved for a devolutive appeal from the judgments of February 8, 1999, April 13, 1999 and May 3, *697 1999, and the trial court signed an order granting that motion. Considering the fact that the judgments of February 8, 1999 and May 3, 1999 granted partial summary judgments and the April 13, 1999 judgment denied a motion for summary judgment, the dispositive issue in this appeal is whether these judgments are appealable under La. C.C.P. art.1915, as amended by Acts 1997, No. 483, § 2, effective July 1, 1997.[1]
La. C.C.P. art.1915 provides, in pertinent part:
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.
After the judgments were rendered in this case, but before the motion for devolutive appeal was filed, D.H. Holmes filed in the trial court a motion to certify the three judgments as final judgments. On May 18, 1999, the trial court signed an order attached to D.H. Holmes' motion, which stated in its entirety: "IT IS HEREBY ORDERED that this Motion to Certify the above referenced Judgments as Final Judgments be granted and that these Judgments be certified as Final Judgments."
We initially note that of the three judgments at issue, only the February 8, 1999 and the May 3, 1999 judgments are partial summary judgments, and thereby subject to the rules of La. C.C.P. art.1915. Although the trial court designated these judgments as final, that order did not contain an "express determination that there is no just reason for delay."
In Jackson v. America's Favorite Chicken Co., 98-0605 (La.App. 4 Cir. 2/3/99), 729 So.2d 1060, this Court held that valid certification of a partial judgment as final also requires that the trial court give explicit reasons on the record as to why there is no just reason for delay, and that mere conclusory statements do not suffice. See also, City of New Orleans v. Howenstine, 98-2157 (La.App. 4 Cir. 5/5/99), 737 So.2d 197; Montgomery v. Gosserand, 98-1966 (La.App. 4 Cir. 12/23/98), 725 So.2d 92. The order in question in this case only states that the judgments are final, but gives no reason as to why there is no just reason for delay.
Under the 1997 amendment to La. C.C.P. art.1915, the parties also could have agreed to consider the partial summary judgments as final. Such an agreement must be specific and must form part of the record. Lake Marina Tower Condominium Assn., Inc. v. Ceramics Systems, Inc., 98-0850 (La.App. 4 Cir. 2/3/99), 730 So.2d 472. The statement in D.H. Holmes' motion to certify the judgments as final that "[p]laintiffs, through their counsel, have no opposition to this motion to certify various judgments as final judgments," falls short of the specific agreement between the parties necessary for partial judgments to be considered final. This is a unilateral declaration on the part of D.H. Holmes and there is no specific showing, through a joint signed motion or otherwise, that plaintiffs agreed to the designation of these judgments as final.
Because of lack of compliance with the rules set forth in the 1997 version of the La. C.C.P. art.1915 and this Court's jurisprudence interpreting this article, the February *698 8, 1999 and May 3, 1999 partial summary judgments do not constitute final, appealable judgments. As stated above, the effective date of the 1997 amendment to La. C.C.P. art.1915 was July 1, 1997. The partial summary judgments in this case were signed on February 8, 1999 and May 3, 1999. This Court has held that appeals from grants of partial judgments which were signed long after the enactment of the 1997 amendment will not be remanded, but will be dismissed, to be considered, if so desired, when the entire case is appealed. Jackson v. America's Favorite Chicken Co., 98-0605, p. 11, (La.App. 4 Cir. 2/3/99), 729 So.2d 1060, 1066.
The remaining judgment is the April 13, 1999 denial of a motion for summary judgment filed by D.H. Holmes. The denial of a motion for summary judgment is an interlocutory decree that is not appealable absent a showing of irreparable injury. La. C.C.P. art.2083; Orleans Parish School Board v. Scheyd, Inc., 95-2653, p. 1 (La.App. 4 Cir. 4/24/96), 673 So.2d 274, 275. There has been no showing of how the denial of this motion will result in irreparable injury to D .H. Holmes. We note that when a nonappealable issue is raised in conjunction with other appealable issues, it may be reviewed for the sake of judicial economy and justice. See, Kidd v. Independent Fire Ins. Co., 95-1273, p. 4, fn. 3 (La.App. 4 Cir. 1/19/96), 668 So.2d 406, 408. However, in this case, there are no other appealable issues given our holding that the February 8, 1999 and May 3, 1999 partial summary judgments do not constitute final, appealable judgments.
For the foregoing reasons, this appeal is dismissed without prejudice. Although D.H. Holmes does not have the right to an immediate appeal due to non-compliance with La. C.C.P. art.1915, it has not lost its right to appeal after final judgment is rendered adjudicating all of the claims, demands, issues and theories as to all parties.
APPEAL DISMISSED WITHOUT PREJUDICE.
NOTES
[1] The Legislature recently amended C.C.P. art.1915 in La. Acts 1999, No. 1263. However, Section 3 of this Act provides that "[t]he provisions of this Act shall become effective on January 1, 2000, and shall apply to all actions filed on or after January 1, 2000." Because the instant action was filed before January 1, 2000, the 1997 version of La. C.C.P. art.1915 is applicable in this case.