| ARMSTRONG, Judge.
This is a legal malpractice action. Because there is no final, appealable judgment, we must dismiss this appeal without *886 prejudice. The case may proceed in the trial court to a final, appealable judgment.
Nurses’ Home Care. Inc. (“NHCI”) was sued in Point Coupee Parish. Attorney Edward P. Mendy, who practices law as Edward P. Mendy, PLC, was engaged by NHCI to defend the Pointe Coupee Parish action. As a result of alleged negligence by Mr. Mendy, judgment was rendered in the Pointe Coupee Parish action against NHCI in the amount of $82,587.46 plus court costs and legal interest. Subsequently, the plaintiff in the Pointe Coupee Parish action seized by garnishment $24,976.23 from bank accounts of NHCI. As a result of the garnishment of the NHCI bank accounts, numerous NHCI checks bounced and NHCI was subject to about $6,000 in NSF charges.
| ¿Thereafter, NHCI, which apparently had large tax debts, including at least a $150,000 debt to the IRS for failure to pay payroll withholding taxes filed for bankruptcy. Except for the garnished $24,976.23, which reduced the $82,587.46 judgment to $57,611.23 plus interest and court costs, NHCI made no payment on the judgment rendered against it in the Point Coupee action.
NHCI’s bankruptcy trustee is the plaintiff in the present suit against Edward B. Mendy and Edward B. Mendy, PLC. (Another attorney also was sued but that claim was dismissed upon a motion for summary judgment.) On the day of the trial, Edward B. Mendy and Edward B. Mendy, PLC failed to appear and were unrepresented. The trial proceeded with only NHCI present.
The trial court rendered judgment in favor of NHCI, and against Edward B. Mendy and Edward B. Mendy, PLC, solidarity, for $82,945.46 plus $4,321.20 prejudgment interest and legal interest from the date of judgment plus $30,976.23 with judicial interest thereon from the date of garnishment of NHCI’s bank accounts.
The day after the trial, Edward B. Men-dy appeared in court and was informed that the trial had taken place the previous day. Both Edward B. Mendy and Edward B. Mendy, PLC moved for a new trial. At the new trial motion hearing, Edward B. Mendy testified that he had failed to appear on the date set for trial, and instead appeared in court the next day, because his office had miscalendared the trial date. The trial court took the issue under advisement and, ^subsequently, issued a judgment stating that “defendant’s” (singular) motion for new trial was denied.
On appeal, Edward B. Mendy and Edward B, Mendy, PLC advance three arguments. First, they argue that it was error for the trial court to render judgment against them for the full amount of the $82,587.46 Pointe Coupee Parish judgment against NHCI because NHCI had paid only a portion of that judgment (by way of garnishment), and will not be paying any more as it is in a “no asset” bankruptcy, so that NHCI’s total actual damages are the garnished amounts plus the NSF charges. Second, they argue that, in any case, the trial court’s awarding NHCI the amount of the $82,587.46 Pointe Coupee Parish judgment plus the $30,976.23 in damages arising from the garnishment ($24,976.23 garnished plus $6,000 in NSF charges) constitutes a double recovery because the Pointe Coupee Parish judgment was partially satisfied by the $24,976.23 that was garnished. Third, they argue that the trial court erred by denying them a new trial when they had meritorious defenses at least as to the amount of damages and their failure to appear for trial resulted from a simple clerical error in their office.
The trial court’s May 5, 2000 judgment, which followed the new trial motion hear *887 ing, states that “defendant’s” (singular) motion for new trial is denied. It does not state which defendant’s motion for new trial is denied. In any event, a judgment is not appealable if it does not finally decide all claims against all parties. La. Code Civ. Proc. Art. 1915(B). Thus, until the trial court has rendered judgment as to the new trial issue as to both Edward B. Mendy and Edward B. RMendy, PLC, neither of those defendants can appeal. Id. Consequently, the present appeal must be dismissed without prejudice. City of New Orleans v. Howenstine, 98-2157 (La.App. 4 Cir. 5/5/99), 737 So.2d 197; Narcise v. Jo Ellen Smith Hospital, 98-2417, 98-0918 (La.App. 4 Cir 3/10/99), 729 So.2d 748.[1]
For the foregoing reasons, this appeal is dismissed without prejudice.

DISMISSED WITHOUT PREJUDICE.

. Of course, until the trial court renders a final, appealable judgment, it continues to have jurisdiction to amend, modify or rescind its May 5, 2000 judgment should it determine that, under the facts and law, it is proper to do so. La.Code Civ. Proc, art. 1915.