# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-1650


**SANDRA LUTHER**

**VERSUS**

**MICHAEL TURNER**


************

## APPEAL FROM THE
## NINTH JUDICIAL DISTRICT COURT
## PARISH OF RAPIDES, NO. 202,809
## HONORABLE HARRY F. RANDOW, DISTRICT JUDGE

************

## JAMES T. GENOVESE
## JUDGE

************

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and James T. Genovese, Judges.


**REMANDED.**


Paul A. Lemke, III
P.O. Box 595
Harrisonburg, La.  71340
**COUNSEL FOR DEFENDANT/APPELLANT:**
    Michael Turner

R.  Joseph Wilson
Gaharan & Wilson
P.O. Box 1346
Jena, La.  71342
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    Sandra Luther

**GENOVESE, JUDGE.**

This matter arises out of a dispute over the rights of the contracting parties under a surface lease. On October 22, 2002, finding Defendant in default under the lease, the trial court granted a partial summary judgment in favor of Plaintiff canceling the lease. On August 17, 2004, the court granted another summary judgment in favor of Plaintiff for unpaid rent which had accrued during the pendency of the proceeding and for attorney fees. Defendant appeals both summary judgments.

## FACTS

Plaintiff, Sandra Luther, is the owner of certain property in Catahoula Parish which she leased to Defendant, Michael Turner, granting the lessee the right to hunt and fish on the leased premises. Sandra Luther ("Luther") filed suit against Michael Turner ("Turner") for breach of the lease, alleging that Turner was operating a commercial hunting club by collecting money from others and then allowing them to hunt and fish on the property in violation of the lease. In her lawsuit, Luther sought cancellation of the lease, damages to the property for removal of dirt and costs for removal of an immovable structure, and attorney fees. Turner filed a reconventional demand alleging disturbance of his peaceable possession and claiming monetary damages for his inability to manage and collect dues from the hunting club.

Luther filed a motion for summary judgment seeking to terminate the lease. The trial court granted a partial summary judgment in favor of Luther terminating, canceling and setting aside the act of lease. Judgment was signed on October 22, 2002. On November 25, 2002, Turner filed a Motion for Suspensive Appeal which was dismissed February 14, 2003 for his failure to pay the estimated appellate costs. On April 23, 2003, Turner filed a Motion to Certify Partial Summary Judgment as Final. The trial court denied the motion on April 28, 2003. Turner then filed a writ

application with this court seeking a reversal of the trial court's denial of his Motion to Certify Partial Summary Judgment as Final which this court denied on July 28, 2003. Turner then applied for writs to the Louisiana Supreme Court which were denied on November 21, 2003. *See Luther v. Turner*, 03-840 (La.App. 3 Cir. 7/28/03) (unpublished decision), *writ denied*, 03-2410 (La. 11/21/03), 860 So.2d 553.

On May 7, 2004, Luther filed a second motion for summary judgment seeking unpaid rent accruing between the filing of the suit and the cancellation of the lease, and for attorney fees. This summary judgment was granted by the trial court on August 17, 2004.

Turner now appeals the granting of both summary judgments in favor of Luther. For the following reasons, we remand.

## ISSUES

The following issues are presented for review:

1. Whether there was an issue of material fact as to Michael Turner's breach of the lease entitling Plaintiff to summary judgment on October 22, 2002.

2. Whether Plaintiff was entitled to unpaid rentals pursuant to a lease that was cancelled and set aside by interlocutory judgment on October 22, 2002.

3. Whether Plaintiff was entitled to attorney fees, and the amount thereof, if any, pursuant to a lease that was cancelled and set aside by interlocutory judgment on October 22, 2002.

## LAW AND DISCUSSION

Louisiana Code of Civil Procedure Article 1915 provides as follows:

A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:

(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.

2

(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.

(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).

(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.

(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.

(6) Imposes sanctions of disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).

B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, **the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.**

(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and **shall not constitute a final judgment for the purpose of an immediate appeal.** Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all of the claims and the rights and liabilities of all the parties.

C. If an appeal is taken from any judgment rendered under the provisions of this Article, the trial court shall retain jurisdiction to adjudicate the remaining issues in the case.

(Emphasis added)

In the instant case, Luther sought termination of the lease, damages for removal of dirt and costs for removal of an immovable structure, and attorney fees. In reconvention, Turner claimed monetary damages for his inability to manage and collect dues from the hunting club. Although Luther was successful in obtaining two summary judgments, neither was a final judgment adjudicating all of the claims

3

between the parties. The partial summary judgment granted October 22, 2002 was granted in favor of Luther terminating, canceling and setting aside the lease. The second partial summary judgment signed August 17, 2004, awarded Luther unpaid rental and attorney fees. However, the granting of the two motions for summary judgment did not resolve all of the claims asserted in the original and amending petition. Additionally, the claims in reconvention have not been resolved. The petition as amended and the reconventional demand contain outstanding claims asserted by both parties. Therefore, the judgments are partial summary judgments.

The judgments of October 22, 2002 and August 17, 2004 are not final judgments under La.Code Civ. P. art. 1915. As stated above, they resolve "one or more but less than all of the claims, demands, issues, or theories" of the parties. Additionally, neither judgment has ever been designated as a final judgment by the trial court. Since these judgments do not meet the criteria of La.Code Civ.P. art. 1915(A), and the requirements of La.Code Civ.P. art. 1915(B) have not been met, they do not constitute final judgments for the purpose of an immediate appeal. The mere fact that an order for appeal was signed by the trial court does not make the judgments final and appealable. *Pitts v. Fitzgerald*, 01-0543 (La.App. 1 Cir. 5/10/02), 818 So.2d 847; *Narcise v. Jo Ellen Smith Hosp.*, 98-2417, 98-0918 (La.App. 4 Cir. 3/10/99), 729 So.2d 748, *writ denied*, 99-0953 (La. 5/28/99), 743 So.2d 679. Considering the status of this case, appellate review of these judgments is by a writ application. *Woodward v. Cutrer*, 01-378 (La.App. 3 Cir. 10/3/01), 796 So.2d 900. In the case at bar, Turner failed to follow the proper legal procedure and seek appellate review by writ application. This appeal is premature. Turner may file an appeal once all outstanding claims have been resolved or upon compliance with La.Code Civ.P. art. 1915(B).

## CONCLUSION

Although generally a judgment under La.Code Civ.P. art.1915(A) is a final appealable judgment, the exception is a summary judgment granted pursuant to La.Code Civ.P. art. 966(E), which is a partial final judgment. In the case of a partial final judgment, an application for supervisory writs may be taken, or alternatively, for appeal purposes, there must be a designation by the trial court that the partial judgment is a final judgment and that there is no just reason for delay as set forth in La.Code Civ.P. art. 1915(B). The summary judgment of October 22, 2002 and the summary judgment of August 17, 2004 are both summary judgments granted pursuant to La.Code Civ.P. art. 966(E) and thus are partial final judgments. This court is not presented with a supervisory writ on the granting of the two summary judgments. Rather, Turner has taken a devolutive appeal which requires, for appellate review, designation of the judgments as final judgments by the trial court which is absent in this case. Therefore, the present devolutive appeal is not properly before this court. The matter is remanded to the trial court for designation as final judgments or complete disposition of the claims of both parties in order for an appeal to be taken. Costs of this appeal are assessed against Appellant.

**REMANDED.**