737 So.2d 47 (1998)
Gloria SCOTT, et al.
v.
The AMERICAN TOBACCO COMPANY, INC., et al.
No. 97-CA-1973.
Court of Appeal of Louisiana, Fourth Circuit.
November 4, 1998.
Writ Denied May 7, 1999.
*48 Robert L. Redfearn, Simon, Peragine, Smith & Redfearn, New Orleans, Louisiana, and Wendell H. Gauthier, Gauthier & Murphy, Metairie, Louisiana, and Stephen B. Murray, Murray Law Firm, New Orleans, Louisiana, and Walter J. Leger, Jr., Leger & Mestayer, New Orleans, Louisiana, Attorneys for Plaintiffs/Appellants.
Thomas P. Anzelmo, Lance S. Ostendorf, Katherine H. Foster, Campbell, McCranie, Sistrunk, Anzelmo & Hardy, Metairie, Louisiana, Attorneys for Defendant, George W. Groetsch, Inc.
Robert A. Kutcher, Chopin, Wagar, Cole, Richard, Reboul & Kutcher, Metairie, Louisiana, Attorneys for Defendant, Quaglino Tobacco and Candy Company, Inc.
William J. Hamlin, William C. Ellison, Michael P. Arata, Bordelon, Hamlin & Theriot, New Orleans, Louisiana, Attorneys for Defendant, Imperial Trading Company, Inc.
John M. Holahan, New Orleans, Louisiana, and Kirk Reasonover, Lamothe & Hamilton, New Orleans, Louisiana, Attorneys for Defendant, J & R Vending, Inc.
Court composed of Judge WILLIAM H. BYRNES, III and Judge JOAN BERNARD ARMSTRONG and Judge JAMES F. McKAY, III.
BYRNES, Judge.
By judgment rendered on April 16, 1997, the trial court, inter alia, certified a class action against certain defendant cigarette manufacturing companies, designated the two plaintiffs herein, Gloria Scott and Deania M. Jackson, as representatives of the class, and dismissed all cigarette distributing companies (Quaglino Tobacco and Candy Company, Inc., Imperial Trading Company, Inc., George W. Groetsch, Inc., and J & R Vending Service, Inc.) from this suit. This appeal only concerns that portion of the judgment dismissing the cigarette distributing companies.[1] The basic substantive issue in this appeal is easy to frame: Are the plaintiffs' allegations concerning the addictive nature of nicotine legally sufficient to give rise to a claim of redhibition against cigarette distributors who neither manufactured the cigarettes nor sold them directly to the ultimate consumers? However, as explained hereinafter, at this stage of the proceedings this substantive issue is overshadowed by procedural problems.
Here the plaintiffs appeal only to that portion of the judgment relating to the dismissal of the distributor defendants. The class action certification is the subject of a separate appeal by the tobacco manufacturing defendants.[2] In effect, the trial court rendered two separate judgments simultaneously: the first being the judgment certifying the existence of the class and the second dismissing the distributing companies. Separate appeals were filed, *49 and this Court finds that the issue of class certification and the question of the dismissal of the distributor defendants should be treated as two separate judgments. A judgment dismissing some, but not all of the defendants is a partial judgment.
Subsequent to the rendering of the judgment on April 16, 1997, the legislature enacted Act 483 of 1997 (effective July 1, 1997) which changed the law relating to partial final judgments. The law as it existed at the time the judgment was rendered provided that a partial judgment dismissing parties would be treated as a final appealable judgment. Act 483 of 1997 changed that law. Now in order for a partial judgment to be treated as an immediately appealable judgment it must be designated as such either by agreement of the parties or by the trial judge. LSA-C.C.P. art.1915. This change is procedural in nature and as such is retroactive. Although the procedural aspects of Act 483 are retroactive, the trial judge not being prescient, it was impossible for him to give retroactive effect to Act 483 prior to its enactment.[3] In Kaufmann v. Fleet Tire Service, 97-1428 (La.9/5/97); 699 So.2d 75, the Supreme Court gave retroactive effect to Act 483 by ordering a remand to the trial court notwithstanding the fact that the judgments of both the trial court and this Court were rendered prior to the effective date of Act 483. Young v. Dupre Transport, 97-0591 (La.App. 4 Cir. 10/1/97); 700 So.2d 1156. Although in the instant case the trial court was not called upon to consider the final nature of the partial dismissal at the time it was rendered, it must do so now. Therefore, as was done by the Supreme Court in Kaufmann, supra, and as was done by this Court in Young and other cases, this case should be remanded to the trial judge for application of Act 483, for a decision on whether the partial judgment dismissing the distributor defendants should be designated as final.
For the foregoing reasons the portion of judgment of the trial court concerning the dismissal of the distributor defendants is remanded for further proceedings consistent with this opinion.
REMANDED.
NOTES
[1] Under the same caption as the instant case see also the decision of this decision of this Court rendered 10/8/97 on motions to suspend, stay and dismiss.
[2] The tobacco manufacturing company defendants filed an answer to this appeal out of an excess of caution challenging the class action certification and related issues. Those issues will be dealt with separately in 97-CA-0452.
[3] We would read the silence of a partial judgment rendered after the effective date of Act 483 as a decision by the trial judge and the parties not to designate the judgment as final. Act 483 requires that a designation of finality be explicit, but implicit in Act 483 is the expectation that the decision not to designate will be tacit rather than explicit, i.e., it may be inferred from the failure to designate. Obviously, no similar inference can be drawn prior to the effective date of Act 483 because neither the parties nor the trial judge could possibly have adverted to the question of finality of a partial judgment in contemplation of Act 483 when Act 483 was not yet even in existence.