725 So.2d 92 (1998)
John MONTGOMERY and Idell Romas, III
v.
Maurice GOSSERAND and Regal Insurance Company.
No. 98-CA-1966
Court of Appeal of Louisiana, Fourth Circuit.
December 23, 1998.
Matthew J. Ungarino, Nicole M. Merchan, Ungarino & Eckert, Metairie, Louisiana, Counsel for Defendant-Appellant.
*93 Court composed of Judge WILLIAM H. BYRNES III, Judge STEVEN R. PLOTKIN, Judge PATRICIA RIVET MURRAY.
BYRNES, Judge.
Defendant-appellant, Regal Insurance Company, appealed a partial summary judgment dismissing plaintiff's claims against it without prejudice on the grounds that the dismissal should have been with prejudice. The summary judgment was based on the question of coverage only and did not dismiss all parties. The judgment was rendered on June 2, 1998, long after the effective date of Act 483 of 1997. Prior to the enactment of Act 483 of 1997, LSA-C.C.P. art. 1915 provided that a partial judgment dismissing parties would be treated as a final appealable judgment. Act 483 of 1997 changed that law. Now in order for a partial judgment to be treated as a final judgment it must be designated as such either by agreement of the parties or by the trial judge. LSA-C.C.P. art. 1915 B. The judgment that is the subject of this appeal was not designated as final by either the parties or the trial court. Therefore, it is not a final appealable judgment.
Article 1915 B(1) encompasses all "claims, demands, issues theories, or parties," and 1915 B(2) dictates that "any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties." The great breath of this language in 1915 B allows no exception for the partial judgments referred to in 1915 A.
Accordingly, by order dated November 20, 1998, this Court ordered the parties to show cause why this appeal should not be dismissed for lack of certification or designation as a final judgment. Apparently in response to this show cause order, an order was obtained from the trial court dated December 15, 1998, stating that: "[I]t is hereby ordered that there is no just reason for delay for an immediate appeal of this court's summary judgment rendered without prejudice, on June 2, 1998." Article 1915 B(1) states that designation as a final partial judgment by the trial court must be pursuant to "an express determination that there is no just reason for delay." It is the opinion of this court that when the legislature imposed the requirement of an "express determination"that it intended more than a mere declaration to that effect. We believe that the legislature intended to require that some reason be expressed for the determination that there is no just reason to delay. The certification in the instant case expresses no reason. It merely states the conclusion that there is no just reason for delay. Trial courts could do this with a rubber stamp. It is not sufficient.
Additionally, we are faced with the problem that at the time this appeal was lodged there was no certification. The timeliness of an appeal is determined at that time. There was no final appealable judgment at that time. The appeal period cannot start to run until there is a final appealable judgment.
For the foregoing reasons, we hereby dismiss this appeal.
APPEAL DISMISSED.