729 So.2d 1060 (1999)
William JACKSON and his wife, Delphine Jackson, individually and on behalf of their minor daughter, Malinda Jackson
v.
AMERICA'S FAVORITE CHICKEN COMPANY d/b/a Church's Fried Chicken and ABC Insurance Company.
No. 98-CA-0605.
Court of Appeal of Louisiana, Fourth Circuit.
February 3, 1999.
*1061 Deborah Fallis, Tristan Manthey, Heller, Draper, Hayden & Horn, L.L.C., New Orleans, Louisisana, Attorneys for Appellants, AFC Enterprises, Inc. and Marvin Demourelle.
Stephen L. Huber, Borrello, Huber & Duruclet, Metairie, Louisiana, Attorney for Appellee, Sanderson Farms, Inc.
Court composed of Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES and Judge MIRIAM G. WALTZER.
WALTZER, Judge.
America's Favorite Chicken, Inc., (AFC) and Marvin Demourelle, manager of AFC (Demourelle), appeal the dismissal of their claims for indemnity against Sanderson Farms.

STATEMENT OF THE CASE
William Jackson was employed by Sanderson Farms. While making a delivery for his employer, he slipped and fell at a business owned and operated by AFC and managed by Demourelle. Jackson sued AFC, its insurer and Demourelle. Sanderson Farms intervened to recover the costs of workers' compensation benefits it had paid Jackson. AFC and Demourelle filed a cross-claim against Sanderson Farms for indemnity.[1] *1062 Sanderson Farms moved for summary judgment dismissing all claims for indemnity against it.[2]
On 7 November 1997, the trial court granted Sanderson Farms' summary judgment, dismissing all claims by AFC and Demourelle against Sanderson Farms. On 5 January 1998, AFC and Demourelle requested a devolutive appeal from the trial court's judgment.

RIGHT TO APPEAL
AFC and Demourelle request this Court to consider their appeal of the 7 November 1997 judgment dismissing the claims for indemnity by AFC and Demourelle against Sanderson Farms.
At oral argument, the Court questioned the parties about the finality of the judgment appealed, because it is clearly a partial summary judgment. The dispositive issue is whether we have jurisdiction to review this judgment as an immediate appeal. Counsel took the position that the trial court's mere signing of the motion for appeal satisfied the requirements of LSA-C.C.P. art.1915 as amended by Acts 1997, No. 483, § 2, eff. July 1, 1997. Counsel expressed their willingness to agree, while arguing the appeal, that the judgment under consideration be considered final and immediately appealable Counsel further suggested that we convert this appeal to a supervisory writ and review the trial court's ruling on the merits. Finally, counsel requested that we remand the entire matter to the trial court so that the requisite certification or agreement by the parties could be obtained in order to make this partial judgment an immediately appealable judgment.
Our Court has ruled on a variety of issues involving partial summary judgments since the effective date of the amendments of LSA-C.C.P. art.1915; the opinions have not been consistent. Because it is important that litigants and litigators be able to know the precise parameters of the process, we review the rulings of our circuit, and the judges en banc adopt a procedure for partial judgment dispositions that lack the requisite designation by the trial court as immediately appealable judgments or the agreement of the parties to that effect.

THE NEW PARTIAL JUDGMENT LAW
The current law reads as follows in pertinent part:
Art.1915. Partial judgment; partial exception; summary judgment
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
* * *
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of *1063 judgment adjudicating all of the claims and the rights and liabilities of all the parties.
Prior to the 1997 amendments to LSA-C.C.P. art.1915, a judgment granting a motion for summary judgment in favor of one party would have been considered a final judgment subject to an immediate appeal. Douglass v. Alton Ochsner Medical Foundation, 96-2825 (La.6/13/97); 695 So.2d 953, 955. While LSA-C.C.P. art. 1915(A) provides now, as it did prior to the 1997 amendments, that a final judgment may be rendered granting a motion for summary judgment, pursuant to subparagraph (B), a partial judgment or partial summary judgment as to one or more but less than all of the parties to an action is not necessarily considered to be a final judgment for the purpose of an "immediate appeal." Absent agreement of the parties, or a trial court's determination that there is no just reason for delaying an immediate appeal, accompanied by designation as a final judgment by the trial court, such partial judgment or partial summary judgment is not immediately appealable. However, though a party may not take an immediate appeal, after final judgment is rendered adjudicating all the claims, demands, issues, and theories as to all parties, such partial judgment or partial summary judgment would be appealable. In other words, a party does not lose its right to appeal, even though it may not have a right to take an immediate appeal. See Editor's Note to LSA-C.C.P. art.1915 regarding the 1997 amendment.

REVIEW OF DECISIONS OF OUR CIRCUIT
In Karim v. Finch Shipping Co., Ltd., 97-2518 (La.App. 4 Cir. 8 /26/98), 718 So.2d 572, we converted an appeal from a partial summary judgment to a writ, and affirmed the trial court's granting an exception of lack of personal jurisdiction in favor of the defendant. The record showed neither agreement of the parties nor action by the trial court designating or refusing to designate the judgment to be final. We did not remand the case to the trial court in order that it make or deny the requisite designation. Rather, because LSA-C.C.P. art.1915, as amended, was effective 1 July 1997 and the defendant's exception was heard on 13 June 1997, and the trial court signed the judgment eight days after the effective date of Act 483, this Court considered the merits under its supervisory jurisdiction in the interest of judicial economy.
In Doe v. Southern Baptist Hospital, 98-0063 (La.App. 4 Cir. 5/6/98), 717 So.2d 654, the trial court granted partial summary judgment in favor of defendant, the State of Louisiana, holding that the plaintiffs had the burden of proving that a state statute was unconstitutional. Plaintiffs applied for supervisory writs to this Court, which first considered the issue whether the judgment was appealable under LSA-C.C.P. art. 1915(B). This Court noted that the judgment had no designation that the judgment was to be a final judgment, and found that it had determined only the threshold issue of who should bear the burden of proof at the hearing on the statute's constitutionality. Therefore, this Court found the judgment was not final and appealable. Nonetheless, this Court went on to address the merits of the partial summary judgment.
In Walker, Bordelon, Hamlin, Theriot & Hardy v. Dowe, 98-0937, 98-0938 (La.App. 4 Cir. 12/9/98), 727 So.2d 529, the trial court granted an exception of no cause of action, dismissing the defendant's reconventional demand. The partial judgment lacked the determination and designation of finality as required by LSA-C.C.P. art. 1915(B)(1). Since the exception was argued only 10 days after the new law was in effect, the matter was remanded to the trial court in order that a determination be made by the trial judge whether the judgment should be designated as a final appealable judgment. In doing so, we relied on our Supreme Court's decision in Kaufmann v. Fleet Tire Service, 97-1428 (La.9/5/97); 699 So.2d 75 and our decision in Young v. Dupre Transport, 97-0591 (La.App. 4 Cir.10/1/97); 700 So.2d 1156. In Kaufmann, retroactive effect was given to Act 483 and a remand was ordered, notwithstanding the fact the judgments both of the trial court and our Court were rendered prior to the effective date of Act 483.
In Scott et al. v. The American Tobacco Co., Inc., 97-1973, (La.App. 4 Cir. 11/4/98), *1064 ___ So.2d ___, 1998 WL 802198, plaintiffs appealed a partial summary judgment grant pre-dating the enactment of Act 483 by some three months. All cigarette distributing companies were dismissed from a class action. Subsequent to the rendition of the judgment in April of 1997, the legislature enacted Act 483, effective 1 July 1997. The law as it existed at the time the judgment was rendered provided that a partial judgment dismissing parties would be treated as a final immediately appealable judgment. Since the change in the law was procedural, and, therefore, retroactive, we remanded the case because the trial judge could not have known at the time of signing the judgment that the new law would be enacted and later be given retroactive effect. We held:
We would read the silence of a partial judgment rendered after the effective date of Act 483 as a decision by the trial judge and the parties not to designate the judgment as final. Act 483 requires that a designation of finality be explicit, but implicit in Act 483 is the expectation that the decision not to designate will be tacit rather than explicit, i.e., it may be inferred from the failure to designate. Obviously, no similar inference can be drawn prior to the effective date of Act 483 because neither the parties nor the trial judge could possibly have adverted to the question of finality of a partial judgment in contemplation of Act 483 when Act 483 was not yet even in existence.

Scott, supra at footnote 3.
In Johns v. Jamarillo, 98-2507, 98-2577 (La.App. 4 Cir. 11/25/98), 724 So.2d 255, the trial court had certified that [the] rulings represented "a final judgment for purposes of immediate appeal pursuant to La.Code of Civil Procedure Art.1915(B)(1)", but gave no reasons for the certification. Additionally, the trial court denied simultaneously the defendant's motion to continue the trial. Because of the obvious inconsistency between the determination that the appeal of the contested issues should go forward immediately and before the case was fully adjudicated, but that there was no need to delay the trial on the merits pending resolution of the appeal, our Court issued an order sua sponte for the parties to show cause why these appeals should not be dismissed as improperly certified. Our Court held inter alia that "a proper certification requires specific written reasons for the trial court's determination that an immediate appeal is warranted". The Court went on to say that if the certification were to be found an abuse of the trial court's discretion, the appeal would be dismissed.[3] Further, the court held that because decisive legal questions were at issue, the current appeal would be permitted to go forward, rather than contribute to the "intolerable problems of multiple appeals and piecemeal litigation", Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1241 (La.1993). Our Court maintained the appeal as properly certified by the trial court.
In In Matter of Succession of Toncrey, 98-2342 (La.App. 4 Cir. 12/9/98), 725 So.2d 59, a panel of this Court refused to follow the decision of our colleagues in Banks v. State Farm Insurance Co., 30,868, (La.App. 2 Cir. 3/5/98); 708 So.2d 523. Banks dealt with a partial summary judgment that involved only liability. The parties had agreed that the partial summary judgment was a final judgment in accordance with the LSA-C.C.P. art. 1915(B)(1). Nonetheless, the Banks court ruled that it was not immediately appealable, because
...our legislature did not intend for parties, by agreement, to be able to create a *1065 final judgment for the purpose of an immediate appeal, despite language in Article 1915(B)(1) that allows parties to specifically agree for a judgment to constitute a "final judgment". Our conclusion is supported by the language of Article 1915(B) that contrasts the term "final judgment" in 1915(B)(1) with the term "final judgment for purposes of an immediate appeal" in 1915(B)(2). Under the provisions of Article 1915(B)(2), the latter term applies only after "a determination and designation" (certification), and not after specific agreement of the parties.

Banks, at 524-525.
We declined to hold that the 1997 amendments plainly were patterned after the provisions of Rule 54 of the Federal Rules of Civil Procedure and that Louisiana had adopted the rule, despite the glaring difference in language: Federal Rule 54 has no procedure for the designation of the judgment as final by the consent of the parties, but Article 1915 does. Our Court further opined that LSA-C.C.P. art. 1915(B)(1) appears to have great potential for mischief in the managing of appellate dockets, but that the legislature acted within its authority when it expanded the class of final appealable judgments in Article 1915(B), Succession of Toncrey, supra, at pp. 4-5. In Toncrey we considered the partial summary judgment as an immediately appealable judgment because both parties had agreed, considered the writ application as an appeal and remanded the case to the trial court for determination of the return day and preparation of the record.
In two cases decided last December, we dismissed appeals from partial summary judgments because the judgments on appeal were not designated as final by either the parties or the trial court. Priority E.M.S., Inc. v. Crescent City E.M.S., Inc., 98-2537 (La.App. 4 Cir. 12/23/98), 727 So.2d 1186; Montgomery v. Gosserand, 98-1966 (La.App. 4 Cir. 12/23/98), 725 So.2d 92. In Montgomery, prior to the dismissal of the appeal, a panel of this Court ordered the parties to show cause why the appeal should not be dismissed for lack of certification or designation as a final judgment. Apparently, in response to this show cause order, the trial court issued an order stating that:
"[I]t is hereby ordered that there is no just reason for delay for an immediate appeal of this court's summary judgment rendered without prejudice..."
Notwithstanding the trial court's attempt to certify the partial summary judgment after the appeal had been lodged and docketed, the appeal was dismissed. Our Court opined that the legislature intended to require that some reason be expressed for the determination that there is no just reason for delay, because Article 1915(B)(1) provides that the designation must be pursuant to "an express determination", and clearly contemplates that more than a mere conclusory statement will be given as a justification for finality. Since the certification in Montgomery expressed no reason and merely used the language of the statute itself as a conclusion, this rubber stamp designation was considered insufficient. Finally, the Court held that the appeal when first filed, had no certification, and, therefore, when the appeal was lodged there was no appealable judgment, thus warranting dismissal on the basis of untimeliness as well.
It is clear from the foregoing that various principles have emerged since Article 1915 was amended in 1997. Because there is a need for clarification and consistency, this opinion has been presented to the judges en banc so that the rules that follow will be applied to decisions in the future involving partial judgments lacking the requisite certification or agreement of the parties.

CONVERSION TO SUPERVISORY WRITS
We expressly disapprove and overrule the procedure of converting the appeal from a non-final judgment to a supervisory writ and then considering the merits, as was done in Karim v. Finch Shipping Co., Ltd., and Walker, Bordelon, Hamlin, Theriot and Hardy, etc. v. Dowe, supra. We agree with our colleagues of the First Circuit that
To entertain by a supervisory writ application and grant a stay of a judgment which is not a final judgment subject to an immediate appeal under Article 1915 would be a blatant circumvention of the spirit of *1066 that statute, causing the delay and judicial inefficiency which the statute obviously is designed to eliminate. To substitute one method of review (writ application) for a prohibited method of review (appeal) flies in the face of the legislative pronouncement set forth in Article 1915. Therefore, we will not entertain the merits of this writ application. Review of the judgment must await rendition of a complete final judgment in the case, which will be the proper subject of an appeal, unless the judgment is certified as a final judgment subject to an immediate appeal under Article 1915.

In re: Chemical Release at Bogalusa, 98 1122 at p. 1 (La.App. 1 Cir. 8/27/98), 718 So.2d 1015.
While we adopt this reasoning, we decline to certify a partial summary judgment as a final judgment subject to an immediate appeal on the appellate level, as our colleagues did in the case cited above.
Nothing in this opinion shall be construed as affecting the law relating to this Court's supervisory jurisdiction, and our supervisory powers are not affected by this decision. Aggrieved parties will continue to have the right to seek appropriate supervisory review by writ application, and we will continue to deal with such requests in the manner that the Court deems appropriate.

PARTIAL JUDGMENTS SIGNED BY THE TRIAL COURT BEFORE OR IMMEDIATELY AFTER THE ENACTMENT OF ACT 483
Appeals from a grant of partial judgment which were signed before or shortly after the enactment and effective date of Act 483 will be remanded to the trial court for denial or designation of the partial judgment as final, or for agreement between the parties. This must be so, because the trial courts are not prescient and could not have known at the time the judgment was signed that a certification or agreement between the parties was necessary to make a partial judgment immediately appealable. Appeals from grants of a partial judgment which were signed long after the enactment of Act 483 will not be remanded but will be dismissed, to be considered, if so desired, when the entire case is appealed. A trial court's mere signing of an order for appeal from a partial judgment will not make that judgment immediately appealable.

CERTIFICATION OR AGREEMENT BY THE PARTIES
The agreement of the parties must be clear from the record. An express certification or agreement to consider the partial judgment as final must be of record when the appeal is first filed. Failing these requirements, appeals from partial judgments will be dismissed, except as in the exceptional cases, where temporal proximity prior to or shortly after enactment of the amendments to Article 1915 makes a remand necessary.[4]

THE INSTANT CASE.
In the case under consideration the trial court was silent as to whether there was just reason for delay of the appeal, and it did not designate the judgment as a final judgment for the purposes of immediate appeal. The mere signing of the order of appeal does not satisfy the requirements of LSA-C.C.P. art. 1915(B) for an immediate appeal. Banks, supra. The record below does not contain a clear and concise statement of why there is no just reason for delay. Nor is there evidence of record that the parties agreed in the trial court that the judgment was a final judgment. Where, as here, the trial court is silent and the record does not reflect agreement of the parties, the partial summary judgment is not immediately appealable. We decline to certify the partial summary judgment as immediately appealable on the appellate level.
We also decline to convert this case into a supervisory writ. Finally, we decline to remand *1067 this case to the trial court in order to consider whether the partial judgment merits immediate appeal, because the judgment was signed in November of 1997, some four months after the enactment of the amendment.

CONCLUSION
Because we find that the record does not show compliance with LSA-C.C.P. art. 1915(B), we dismiss the appeal by AFC and Demourelle. Although AFC and Demourelle have lost their right to an immediate appeal, they have not lost their right to appeal after final judgment is rendered adjudicating all of the claims, demands, issues and theories as to all parties.
APPEAL DISMISSED.
NOTES
[1] The record contains no evidence of a crossclaim by AFC against Sanderson Farms. However, Sanderson Farms answered such a cross-claim, and the parties do not contest the existence of such a demand.
[2] AFC and Demourelle also moved for summary judgment, to enforce the indemnity provision of the Supply Agreement between AFC and Sanderson Farms and to dismiss Sanderson Farms' intervention. The trial court denied this motion, and LSA-C.C.P. art. 968 prohibits an appeal from such a denial.
[3] In Berman v. De Chazal, 98-81 (La.App. 5 Cir. 5/27/98), 717 So.2d 658, a partial summary judgment was rendered in favor of one defendant. The trial court determined that there was no just reason for delay and designated the judgment as final and immediately appealable pursuant to LSA-C.C.P. art. 1915(B)(1). The trial court gave no reasons for designating the judgment as final and immediately appealable. The Fifth Circuit cited federal jurisprudence under Rule 54(b) of the Federal Rules of Civil Procedure, holding that such decision by the trial court is itself reviewable under the abuse of discretion standard where reasons are given, and reviewable de novo when no reasons are given .The court performed a de novo review and considered criteria cited by the court in Banks v. State Farm Insurance Co., 30,868, (La.App. 2 Cir. 3/5/98); 708 So.2d 523, finding that the trial court had improperly certified the partial summary judgment as appealable. The court dismissed the appeal.
[4] The following judges of this Court, en banc, constituting a unanimous majority have voted to explicitly overrule all portions of our opinions in Karim v. Finch Shipping Co., Ltd., Doe v. Southern Baptist Hospital and Walker, Bordelon, Hamlin, Theriot & Hardy v. Dowe that are inconsistent with the instant decision: Chief Judge Klees, Judge Byrnes, Judge Armstrong, Judge Plotkin, Judge Jones, Judge Waltzer, Judge Landrieu, Judge Murray, Judge McKay, Judge Bagneris, Judge Ciaccio (pro tempore), Judge Gulotta (pro tempore) and Judge Gray (pro tempore).