797 So.2d 120 (2001)
Steve LIGHTELL
v.
Albert J. PHILLIP, Jr., Jay Trucking, American Southern Home Insurance Company, and Beverly Industries.
No. 2000-CA-2411.
Court of Appeal of Louisiana, Fourth Circuit.
September 19, 2001.
*121 Vincent J. Glorioso, Jr., Maria B. Glorioso, Vincent J. Glorioso, III, The Glorioso Law Firm, New Orleans, LA, Counsel For Plaintiff/Appellee.
Charles A. Kronlage, Jr., Kronlage & Kronlage, APLC, New Orleans, LA, Counsel for Defendant/Appellant.
Court composed of STEVEN R. PLOTKIN, DENNIS R. BAGNERIS, Sr., and MICHAEL E. KIRBY, Judges.
PLOTKIN, Judge.
This litigation arises out of a boating incident that occurred on May 15, 1999. The plaintiff, Steve Lightell, was a passenger on a pleasure boat being operated by the defendant, Albert J. Phillip. Mr. Philip was allegedly attempting to tow a stranded boat when the towrope snapped and recoiled toward the boat, striking the plaintiff and causing a severe laceration on the plaintiffs arm.
The plaintiff filed suit against Albert Phillip and two other alleged owners of the pleasure boat, Jay Trucking and Beverly Industries. In addition to alleging that the defendant, Albert Phillip, was negligent in operating the boat and in improperly using a towrope not designed for towing, the plaintiff alleged that this defendant was operating the boat while intoxicated.
In response to the suit, the defendants filed a motion for partial summary judgment seeking to dismiss the plaintiffs claims for exemplary damages. The defendants argued that the plaintiff could not recover exemplary damages under La. C.C. art. 2315.4 because that codal article only applies to intoxicated drivers of motor vehicles and does not extend to operators of motor boats, vessels, or other watercraft.[1] Following a hearing, the trial court dismissed the defendants' motion for partial summary judgment. The defendants filed a petition seeking a suspensive appeal, and the trial court signed an order granting the defendants a suspensive appeal. The signed judgment dismissing the defendants' motion for partial summary judgment contains the following statement, "The Court, finding that there is no just reason for delay of the defendants' right to appeal the judgment, and pursuant to La. C.C.P. article 1915(B), this partial judgment is hereby designated as final."[2]
*122 The initial issue to be addressed by this court is whether the judgment dismissing the defendants' motion for partial summary judgment is appealable. The mere signing of an order of appeal will not make a partial judgment appealable. Narcise v. Jo Ellen Smith Hosp., 98-2417 and 98-0918, (La.App. 4 Cir. 3/10/99), 729 So.2d 748. Notwithstanding the designation of the judgment as final, the judgment is not appealable. Rather, the denial of a motion for summary judgment is an interlocutory decree that is not appealable absent a showing of irreparable injury. La. C.C.P. art.2083; Nalty v. D.H. Holmes Co., Ltd., 99-2826, p. 6 (La.App. 4 Cir. 12/27/00), 775 So.2d 695, 698, citing Orleans Parish School Board v. Scheyd, Inc., 95-2653, p. 1 (La.App. 4 Cir. 4/24/96), 673 So.2d 274, 275. In the instant case, there has been no showing of how the denial of the defendants' motion for partial summary judgment addressing only one element of damages will result in irreparable injury.
Moreover, valid certification of a partial judgment as final requires that the trial court give explicit reasons on the record as to why there is no just reason for delay; mere conclusory statements do not suffice. Nalty v. D.H. Holmes Co., Ltd., 99-2826, p. 3-4, 775 So.2d at 697; Jackson v. America's Favorite Chicken Co., 98-0605 (La.App. 4 Cir. 2/3/99), 729 So.2d 1060; Montgomery v. Gosserand, 98-1966 (La.App. 4 Cir. 12/23/98), 725 So.2d 92. In the instant case the trial court failed to state why there was no reason for delay of the defendants' right to appeal the judgment and no reasons as to why there is no just reason for delay appear in the record.
Based on the foregoing reasons the appeal is dismissed without prejudice. The defendants do not have the right to an immediate appeal; however, they have not lost their right to appeal after final judgment is rendered adjudicating all of the claims, demands, issues and theories of the case.
APPEAL DISMISSED WITHOUT PREJUDICE.
NOTES
[1] La. C.C. art. 2315.4. provides in relevant part, "[E]xemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries."
[2] Exhibit IPartial Final Judgment dated September 5, 2000.