816 So.2d 926 (2002)
Linette DEAN
v.
UNITED MEDICAL CENTER.
No. 2001-CA-1414.
Court of Appeal of Louisiana, Fourth Circuit.
April 17, 2002.
Lowell Dye, Roberts, Katz & Baudier, New Orleans, LA, for Plaintiff/Appellee.
John F. Emmett, James A. Cobb, Jr., Emmett, Cobb, Waits & Kessenich, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge STEVEN R. PLOTKIN, Judge MIRIAM G. WALTZER, Judge TERRI F. LOVE).
PLOTKIN, Judge.
This court is faced with the problem of whether the parties and the trial court can agree to certify an interlocutory judgment for an untimely appeal. For the reasons stated, we hold that the appeal must be dismissed.
Defendant United Medical Corp. of New Orleans appeals an interlocutory judgment of the trial court, which denied United Medical Center's exception of prescription seeking dismissal of a medical malpractice action filed by plaintiff Linette Dean. Because the judgment appealed is a nonappealable interlocutory judgment, the appeal is hereby dismissed.

Facts and procedural history
Because this case comes to this court in an unusual procedural posture, the following detailed analysis of the procedural history is necessary:
Ms. Dean, who was sixteen years old at the time, gave birth to a premature female *927 infant at United Medical Center of New Orleans on August 22, 1994. Two days later, on August 24, 1994, while still hospitalized at United Medical Center, Ms. Dean was told that the baby died. By letter dated January 8, 1996, Ms. Dean's attorney filed a Petition for Damages with the Louisiana Commissioner of Administration, seeking review of her medical malpractice claim against United Medical Center by a Medical Review Panel, as required prior to filing suit under LSA-R.S. 40:1299.47(A)(1). On November 16, 1998, the medical review panel returned its opinion and reasons, finding that United Medical Center had failed to comply with the appropriate standard of care because the nursing staff failed to timely notify the physician that a premature infant with prolonged ruptured membranes had been born.
On January 7, 1999, Ms. Dean filed her Petition for Damages, alleging, in pertinent part, as follows:
2.
That on or about August 24, 1994 Petitioner was told by her pediatrician that her baby had stopped breathing, but had been revived.
3.
That on or about August 24, 1994 petitioner was told that her baby died.
4.
That Petitioner requested to see the baby, but was told that the baby was gone.
5.
That petitioner was never advised as to the cause of death of her child Donisha Dean.
6.
That petitioner never received a death certificate.
7.
That on or about January 12, 1995 petitioner received a certificate of live birth.
On January 22, 1999, United Medical Center responded to Ms. Dean's petition by filing an Exception of Prescription, as allowed by La. C.C.P. art. 927. In its memorandum accompanying its exception, United Medical Center argued that the case was prescribed under the provisions of LSA-R.S. 9:5628 because Ms. Dean had failed to file her request for a medical review panel within one year of the date of her baby's death. On the same day, the trial court set the exception for hearing on March 5, 1999.
On March 3, 1999, Ms. Dean filed her Opposition to Exception of Prescription. Citing Bouterie v. Crane, 616 So.2d 657 (La.1993), Ms. Dean asserted that prescription could not begin to run against her until her 18th birthday, which occurred on September 20, 1995, because previous to that date, she was an illegitimate unemancipated minor against whom prescription could not run. Then, on March 9, 1999, Ms. Dean filed a Post Oral Argument Memorandum, setting out essentially the same arguments presented in her opposition, but requesting that the trial court delay judgment on the exception for a reasonable time to allow the Louisiana Attorney General an opportunity to respond to the constitutional issues she had allegedly raised. Then, on March 11, 1999, Ms. Dean filed her First Supplemental Amending Petition, setting forth facts and law to support her claim that prescription could not run against her as long was she was a illegitimate unemancipated minor.
*928 United Medical Center's Exception of Prescription was denied by written judgment of the trial court on March 25, 1999. United Medical Center failed to seek supervisory review of the trial court judgment denying its Exception of Prescription within 30 days, as required by Uniform RulesLouisiana Courts of Appeal, Rule 4-3. Instead, United Medical Center filed an Answer to First Supplemental and Amending Petition on March 31, 1999. Thereafter, discovery proceeded.
On September 18, 2000, Ms. Dean filed Plaintiff's Second Supplemental and Amending Petition, supplementing various paragraphs of her original petition to read as follows:
6.
That petitioner was never advised as to the actual, or even most probable, cause of Donisha Dean's death by any personnel of United Medical center, any physician who treated her or Donisha Dean, or by any person employed by the Orleans parish Coroner's Office.
7.
That petitioner never received a death certificate, nor was she ever furnished a copy of an autopsy report on Donisha dean by the Orleans Parish Coroner's Office, by an employee of United Medical Center, or by any physician who treated her or Donisha Dean.
8.
Petitioner was unaware of the medical condition that caused the death of Donisha Dean, so she sought the services of her sister's lawyer in approximately November, 1995, and she asked him for assistance in acquiring all relevant medical records pertaining to her pregnancy and delivery of Donisha Dean, as well as those pertaining to the treatment and autopsy of Donisha Dean.
8a.
Following her attorney's receipt of the above described medical records, as well as their review by a medical expert, petitioner's attorney properly initiated this malpractice proceeding by filing a timely complaint with the appropriate state agency.
On October 6, 1999, United Medical Center filed its Answer to Plaintiffs Second Supplemental and Amending Petition. On October 9, 2000, Ms. Dean filed a Motion to Set for Trial on the Merits. A pretrial conference was held on January 25, 2001, setting the case for non-jury trial on May 21, 2001. Also, on January 25, 2001, Ms. Dean filed a Motion for Summary Judgment, to which she attached the following: (1) the medical review panel's Opinion and Reasons; (2) affidavits from members of the medical review panel; (3) United Medical Center's records; (4) answers to interrogatories and responses to requests for admissions from both parties; and excerpts from Ms. Dean's deposition, taken on November 9, 1999.
The record in this case contains no other pleadings from the parties or judgments from the trial court indicating the disposition of Ms. Dean's Motion for Summary Judgment or any other resolution of the issues presented by this medical malpractice case. However, attached to United Medical Center's Original Brief to this court is Partial Judgment, dated April 16, 2001, which states as follows:
CONSIDERING THE JOINT MOTION FOR PARTIAL JUDGMENT submitted by the parties, it is hereby ordered that:
(1) Plaintiff's Motion for Partial Summary Judgment is hereby granted, and plaintiff is awarded $100,000 plus interest from the date of this *929 judgment at the legal rate against United Medical Corporation of New Orleans on her wrongful death claims brought pursuant to Civil Code Article 2315.2 and/or the Louisiana Medical Malpractice Act, L.R.S. 40:1299.41 et seq.
(2) United Medical Corporation of New Orleans' right to appeal the denial of its Exception of Prescription is reserved.
(3) Plaintiff's rights to recover damages in excess of $100,000 from the Patient's Compensation Fund are reserved, and plaintiff may continue to assert such a claim against the Fund if United Medical Corporation's appeal is denied.
(4) Any survival action asserted herein by the plaintiff is hereby dismissed, with prejudice, with each of the parties to bear their own costs.
(5) The denial of United Medical's Exception of Prescription, by agreement of the parties and by order of this Court, is certified for appeal pursuant to Article 1915 of the Louisiana Code of Civil Procedure, the Court being of the opinion that there is no just cause for delay.
On May 11, 2001, United Medical Center filed its Motion for and Order for Suspensive Appeal of the April 16, 2001 judgment.

Appealability of judgment denying Exception of Prescription
Generally, the denial of an Exception of Prescription is an interlocutory judgment that is not subject to appeal. An interlocutory judgment is defined by La. C.C.P. art. 1841 as a judgment "that does not determine the merits but only preliminary matters in the course of the action." Therefore, on March 22, 2002, this court issued a Show Cause Order requiring United Medical Center to demonstrate why it's appeal should not be dismissed. United Medical Center responded on March 27, 2002, setting forth various arguments that may be summarized as follows: (1) that settlement negotiations memorialized in letters between the parties' attorneys reveal the parties' agreement that the trial court judgment denying United Medical Center's Exception of Prescription could be appealed; (2) that that agreement was the sine qua non of United Medical Centers' agreement to admit liability; (3) that the trial court designated the judgment denying the exception as appealable in its April 16, 2001, judgment; (4) that United Medical Center would have been entitled to seek review of the judgment denying its Exception of Prescription as part of an appeal of a judgment on the merits; and (5) that the only reason certification of the judgment denying the exception of prescription was necessary is that Ms. Dean wanted to preserve her rights to proceed against the LPCF. However, we find no merit in any of United Medical Center's arguments.
First, the letters memorializing the settlement negotiations, like the April 16, 2001 judgment, do not appear in the record on appeal. Moreover, the intent and conduct of the parties cannot make a non-appealable judgment appealable.
Second, the same rule applies to the fact that Ms. Dean's agreement to preserve the prescription issue for appeal was allegedly the sine non qua of United Medical Center's agreement to settle the case. Parties to litigation cannot use the judicial system as a tactic to settle disputes, when the right they seek to enforce is procedurally improper.
Third, the fact that the trial court attempted to certify the judgment denying United Medical Center's Exception of Prescription *930 for appeal does not, in and of itself, make the judgment appealable. By the express terms of La. C.C.P. art.1915, only certain types of partial final judgments i.e., those listed in the article may be certified for immediate appeal. Judgments denying exceptions are not listed in the article because, as previously stated, judgments deciding exceptions are interlocutory judgments, not partial final judgments.
Judgments denying exceptions have never been considered final, appealable judgments in Louisiana. Moreover, the 1997 and 1999 amendments to La. C.C.P. art. 1915 were not designed to allow trial courts to certify interlocutory judgments as final for purposes of appeal. In fact, the purpose of the 1997 and 1999 amendments to La. C.C.P. art. 1915 was to limit the appealability of partial final judgments, which were previously considered appealable as a matter of right, to those partial final judgments certified as appealable by a trial judge, who is also required to make an express finding that no just reason for delay of the appeal exists. The effect of the amendments was to change the rule that partial final judgments are generally appealable, making such judgments non-appealable, in the absence of one recognized exceptioni.e., when the trial court certifies the judgment and expressly states that no just reason for delay exists. This court has previously stated as follows:
The initial issue to be addressed by this court is whether the judgment dismissing the defendants' motion for partial summary judgment is appealable. The mere signing of an order of appeal will not make a partial judgment appealable. Narcise v. Jo Ellen Smith Hosp., 98-2417 and 98-0918, (La.App. 4 Cir. 3/10/99), 729 So.2d 748. Notwithstanding the designation of the judgment as final, the judgment is not appealable. Rather, the denial of a motion for summary judgment is an interlocutory decree that is not appealable absent a showing of irreparable injury. La. C.C.P. art.2083; Nalty v. D.H. Holmes Co., Ltd., 99-2826, p. 6 (La.App. 4 Cir. 12/27/00), 775 So.2d 695, 698, citing Orleans Parish School Board v. Scheyd, Inc., 95-2653, p. 1 (La.App. 4 Cir. 4/24/96), 673 So.2d 274, 275. In the instant case, there has been no showing of how the denial of the defendants' motion for partial summary judgment addressing only one element of damages will result in irreparable injury.
Moreover, valid certification of a partial judgment as final requires that the trial court give explicit reasons on the record as to why there is no just reason for delay; mere conclusory statements do not suffice. Nalty v. D.H. Holmes Co., Ltd., 99-2826, p. 3-4, 775 So.2d at 697; Jackson v. America's Favorite Chicken Co., 98-0605 (La.App. 4 Cir. 2/3/99), 729 So.2d 1060; Montgomery v. Gosserand, 98-1966 (La.App. 4 Cir. 12/23/98), 725 So.2d 92. In the instant case the trial court failed to state why there was no reason for delay of the defendants' right to appeal the judgment and no reasons as to why there is no just reason for delay appear in the record.
Lightell v. Phillip, 2000-2411, p. 2-3 (La. App. 4 Cir. 9/19/01), 797 So.2d 120, 122. Thus, the trial court's attempt the certify the interlocutory judgment denying United Medical Center's Exception of Prescription for appeal does not make the judgment appealable under the provisions of La. C.C.P. art. 1915.
Fourth, the fact that United Medical Center could have sought review of the trial court judgment denying its Exception of Prescription on appeal of a judgment on the merits does not make the interlocutory *931 judgment denying the Exception of Prescription appealable. The fact that United Medical Center would not have been foreclosed from seeking review at that time actually has no bearing on this case, given the fact that no judgment on the merits exists to be appealed. If a trial on the merits occurs, United Medical Center may reurge its exception of prescription.
Fifth, the fact that the it was Ms. Dean's desire to preserve her rights against the LPCF when she settled her claims against United Medical Center does not change the fact that the judgment denying United Medical Center's exception of prescription is not an appealable judgment.
Accordingly, the instant appeal is hereby dismissed without prejudice. United Medical Center is assessed all costs of this appeal.
APPEAL DISMISSED.