CHARLES R. JONES, Judge.
The Appellant, Betty Altvater, appeals the granting of summary judgment in favor of the Appellant, LaBranche Properties, Inc. (hereinafter “LaBranche”), by the district court. LaBranche was dismissed with prejudice from the lawsuit and this timely appeal follows. We dismiss this appeal without prejudice.
Facts and Procedural History
This action arises out of a trip and fall that occurred on October 9, 1998 as Ms. Altvater was attempting to enter the Royal Café, a restaurant located at 700 Royal Street in the French Quarter. Ms. Altva-ter instituted this suit on October 1, 1999, naming as defendants Royal Foods, Inc. (hereinafter “Royal Foods”) d/b/a Royal Café, and LaBranche, the alleged owner of the premises leased by the Royal Café.[1] In the district court, Ms. Altvater alleged that the defendants were negligent in the following particulars: (1) there was a design defect in the entrance of Royal Café which hid half of the first step, making it appear lower than it actually was, (2) the defendants failed to clearly mark the highly unusual step, (3) the defendants failed to [adequately] warn her of the highly unusual step, and (4) the defendants maintained a higher than normal step.
On February 25, 2003, LaBranche filed a Motion for Summary Judgment asserting that it had shifted all responsibility for the condition of the leased premises to Royal Foods pursuant to a provision in its lease authorized by La. R.S. 9:3221[2]. Because it claimed that it did not know, nor should it have known, of any alleged vice or defect to the entrance of the Royal Cafe, LaBranche asserted that any liability to Ms. Altvater rested solely with Royal Foods. A second Motion for Summary Judgment, filed jointly by LaBranche and Royal Foods on February 25, 2003, asserted that they should be dismissed from this lawsuit for the following reasons: (1) because the condition of the stairs at the entrance to the Royal Café did not constitute an actionable design and/or construc *1199 tion defect, (2) because the Royal Café had exercised reasonable care by warning its patrons to “Watch Your Step”, and (3) because the style and height of the step leading into the Royal Café complied with the Vieux Carre’ Commission’s guidelines. The two Motions for Summary Judgment were set for contradictory hearing on March 14, 2003.
Ms. Altvater opposed the defendants’ Joint Motion for Summary Judgment arguing that a genuine issue of material fact remained as to whether the step on which she fell was defective.
Following a hearing, the district court rendered judgment on March 20, 2003, granting the Motion for Summary Judgment filed by LaBranche and dismissing it from the lawsuit, with prejudice, but denying the Joint Motion for Summary Judgment filed by LaBranche and Royal Foods. Thereafter, on March 27, 2003, Ms. Altva-ter filed a Motion for New Trial as to the district court’s grant of summary judgment in favor of LaBranche asserting that because the defendants admitted in affidavits that the officers of LaBranche and Royal Foods were one in the same, any knowledge that either had regarding a defect in the leased property would have necessarily been imputable to the other. As such, LaBranche would not be relieved of all liability to Ms. Altvater, despite any language in the lease to the contrary, if it had notice of the defect. Ms. Altvater’s Motion for New Trial motion was summarily denied on March 31, 2003, and she filed a Motion to Appeal on April 11, 2003.
Legal Analysis
The initial issue that we must address is whether the district court’s March 20, 2003 judgment is a final judgment for purposes of immediate appeal. To resolve this issue, we turn to C.C.P. art. 1915, entitled “Partial final judgment; partial judgment, partial exception; partial summary judgment.” The version of that article that applies to this matter[3] provides, in pertinent part:
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, re-conventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the actions as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order of decision issued may be revised at any time prior to the rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
The March 20, 2003 Order granted summary judgment in favor of LaBranche, and only that defendant was dismissed from this lawsuit. Since Royal Foods remained a viable defendant, the Order is considered non-appealable absent of the *1200 district court’s designation that the Order is a final judgment after having made an express determination that there was no just reason for delay, or a specific agreement by the parties that the Order constituted a final and appealable judgment. Jackson v. America’s Favorite Chicken Co., 98-0605 (La.App. 4 Cir. 2/3/99), 729 So.2d 1060 and Miller v. Tassin, 02-2383 (La.App. 4 Cir. 6/4/03), 849 So.2d 782. Further, this Court has held that any certification or agreement of the parties must be of record when the appeal is first filed. Jackson, 729 So.2d at 1066. No such agreement by the parties or designation and determination by the district court appears in the record. Accordingly, the Order is a non-final, non-appealable interlocutory judgment.
To facilitate resolution of this threshold question, we ordered Ms. Altva-ter to show cause why this appeal should not be dismissed for lack of jurisdiction. Ms. Altvater responded on December 15, 2003 with a Memorandum in Opposition to the Dismissal of her appeal and Motion to Supplement Record. Therein, Ms. Altva-ter admitted that, under the “old” C.C.P. art. 1915, she had prematurely filed an appeal of a partial judgment. She claimed, however, that any error was cured by the district court’s having entered a certification, on December 11, 2003, that its March 20, 2003 judgment was final for purposes of immediate appeal. Citing Fraternal Order of Police v. City of New Orleans, 2002-1801 (La.11/8/02), 831 So.2d 897, Ms. Altvater avers that a judgment can be certified “at any time.”
While we agree that the Louisiana Supreme Court did hold in Fraternal Order of Police that a Motion to Certify a Partial Judgment as Final does not have to be filed within a specific time period after the district court’s issuance of the judgment, we note that the Supreme Court further held that the delay for filing an appeal of a partial judgment begins on the day the Notice of Signing of a motion to certify is mailed. Id. at pp. 4-5, 831 So.2d at 899-900. That holding comports with our earlier decision in Jackson that any certification must be of record when the appeal is first filed. Jackson, 729 So.2d at 1066. Because the March 20, 2003 partial judgment had not been certified as final when this appeal was first filed on April 11, 2003, we must dismiss this appeal for lack of appellate jurisdiction.
Even if we were to accept the trial court’s post-appeal certification of the March 20, 2003 judgment, however, the boilerplate certification provided by the district court fails to include “an express determination that there is no just reason for delay.” La. C.C.P. art. 1915(B)(1) [emphasis added]. The certification signed by the district court on December 11, 2003 provided as follows:
CERTIFICATION
IT IS ORDERED, ADD AND DECREED that the Judgment of March 20th, 2003 in the above entitled and captioned mater is hereby Certified as a Final Judgment for the purposes of appeal;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Clerk of Court, Dale Atkins, is hereby ordered to supplement the appeal record, in the Fourth Circuit Court of Appeal, 2003-CA-1350, with the Certification of the Judgment on or before December 16, 2003.[4]
*1201 This Court has, on numerous occasions, interpreted the foregoing phrase to mean that in order for a certification to be valid, the district court must give explicit reasons, on the record, as to why there is no just reason for delay; mere conclusory statements do not suffice. Lightell v. Phillip, 00-2411, pp. 2-3 (La.App. 4 Cir. 9/19/01), 797 So.2d 120, 122, citing Nalty v. D.H. Holmes Co., Ltd., 99-2826 (La.App. 4 Cir. 12/27/00), 775 So.2d 695, Jackson v. America’s Favorite Chicken Co., 98-0605 (La.App. 4 Cir. 2/3/99), 729 So.2d 1060; and Montgomery v. Gosserand, 98-1966 (La.App. 4 Cir. 12/23/98), 725 So.2d 92.
The certification at issue herein fails to state, much less list explicit reasons on the record why, there is no just reason for the delay of this appeal. Accordingly, the certification was invalid and cannot serve as a basis for our exercise of appellate jurisdiction over the admittedly partial March 23, 2003 judgment.

Decree

For the foregoing reasons, this appeal is dismissed without prejudice.
APPEAL DISMISSED WITHOUT PREJUDICE.

. By way of a supplemental petition, Interstate Fire and Casualty Company ("Interstate”), the alleged liability insurer of Royal Foods, was named as an additional defendant. In a judgment dated June 21, 2001, however, the plaintiff dismissed her claims against Interstate without prejudice.

. Louisiana Revised Statute 9:3221, entitled "Assumption of responsibility by lessee; liability of owner” provides:
The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.

. The language in 1915(B)(1) was amended in La. Act 1999, No. 1263 to eliminate confusion with 1915(A) by the removal of “parties” from (B)(1). However, Section 3 of the Act provided that “[t] he provisions of this Act shall become effective on January 1, 2000, and shall apply to all actions filed on or after January 1, 2000.” Because this action was filed before January 1, 2000, the 1997 version of La. C.C.P. art. 1915 applies to this matter.

. The trial court apparently failed to supplement the record on appeal with the December 11, 2003 certification. As mentioned previously, however, the appellant has filed a mo *1201 tion to supplement the record with the certification.