876 So.2d 898 (2004)
R.J. MESSINGER, INC.
v.
Carl D. ROSENBLUM and Kathryn L. Knauss-Rosenblum.
Carl D. Rosenblum and Kathryn L. Knauss-Rosenblum,
v.
R.J. Messinger, Inc.
Nos. 2003-CA-2209, 2003-CA-2210.
Court of Appeal of Louisiana, Fourth Circuit.
June 2, 2004.
*899 Jack E. Morris, Metairie, LA, for Appellant, R.J. Messinger, Inc.
Robin D. Mcguire, Jones Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P. Lafayette, LA, for Appellees, Carl D. Rosenblum and Kathryn L. Knauss-Rosenblum.
(Court composed of Judge MICHAEL E. KIRBY, Judge EDWIN A. LOMBARD, Judge, ROLAND L. BELSOME).
MICHAEL E. KIRBY, Judge.
Plaintiff, R.J. Messinger, Inc., appeals a partial summary judgment granted in favor of defendants, Carl D. Rosenblum and Kathryn L. Knauss-Rosenblum, (i) dismissing with prejudice all claims of plaintiff in its petition for declaratory judgment; (ii) finding the Guarantee dated September 24, 1994 valid and enforceable; (iii) finding R.J. Messinger, Inc. liable to the Rosenblums under said Guarantee for the termite damage to the Rosenblums' residence discovered in May 2002; and (iv) reserving for the trial of this matter the determination as to the amount of damages and other obligations owed by R.J. Messinger, Inc. to the Rosenblums under the Guarantee resulting from such termite damage.
On October 1, 1993, R.J. Messinger, Inc. (Messinger) as "Contractor" and Carl D. Rosenblum and Kathryn L. Knauss Rosenblum (Rosenblums) as "Owner" entered into a contract for the construction of a home in the English Turn Subdivision in New Orleans, Louisiana. Section 02282 of the contract specified that Orkin would be used as the licensed exterminator to provide the chemical spray for termites beneath the slab. During the construction of the home, the Rosenblums learned that Messinger used an exterminator other than Orkin to provide the termite control.
In an attempt to resolve the controversy, the parties entered into a "Guarantee" on September 24, 1994. The Guarantee states in pertinent part that: "in the event any termite damage is found to exist in the *900 Residence during the life of the Residence, Messinger will repair and replace any said damage."
In May 2002, the Rosenblums discovered active termite damage in their home. In accordance with the terms of the Guarantee, the Rosenblums gave Messinger written notice to repair the termite damage. The damage was not repaired. On June 21, 2002, Messinger filed a Petition for Declaratory Judgment in the Civil District Court for the Parish of Orleans, naming the Rosenblums as defendants, seeking to have the Guarantee declared invalid and unenforceable. On August 26, 2002, the Rosenblums filed a Petition for Breach of Contract against Messinger. On January 29, 2003, the trial court consolidated the two matters.
On February 24, 2003, the Rosenblums filed a Motion for Partial Summary Judgment, seeking damages and the dismissal of Messinger's Petition for Declaratory Judgment. On April 7, 2003, Messinger filed a Cross-Motion for Summary Judgment, seeking to have the Guarantee declared invalid and unenforceable, and a dismissal of the Rosenblums' claims. Both motions were brought before the trial court on June 20, 2003. On August 25, 2003, judgment was rendered, granting the Rosenblums' Motion for Partial Summary Judgment and denying Messinger's Cross-Motion for Summary Judgment. The trial court's judgment further ordered that "there is no just reason for delay and that this Partial Summary Judgment be and hereby is designated a final judgment pursuant to Louisiana Code of Civil Procedure Article 1915(B)(1)."
We need not address the merits of Messinger's appeal because we find that the trial court's certification of the August 25, 2003 judgment as a final judgment suitable for immediate appeal is invalid. La. C.C.P. art. 1915(B) provides in part:
(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay. Emphasis added.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
The summary judgment in this case is a partial summary judgment pursuant to article 1915(B)(1). This court, in interpreting article 1915, requires that for there to be a valid certification of a partial summary judgment as final, the trial court must give explicit reasons on the record as to why there is no reason for delay; mere conclusory statements do not suffice. Jackson v. America's Favorite Chicken Co., 98-0605 (La.App. 4 Cir. 2/3/99), 729 So.2d 1060; Nalty v. D.H. Holmes Co., Ltd., 99-2826, (La.App. 4 Cir. 12/27/00), 775 So.2d 695, 697; Lightell v. Phillip, 2000-2411 (La.App. 4 Cir. 9/19/01), 797 So.2d 120; Dean v. United Medical Center, XXXX-XXXX (La.App. 4 Cir. 4/17/02), 816 So.2d 926.
*901 In the instant case, the trial court failed to state why there was no reason for delay of Messinger's right to appeal the judgment. Therefore, Messinger does not have the right to an immediate appeal; however, there remains the right to appeal after final judgment is rendered adjudicating all of the claims, demands, issues and theories of the case.
For the reasons stated above, this appeal is dismissed without prejudice.
APPEAL DISMISSED WITHOUT PREJUDICE.