JjDAVID S. GORBATY, Judge.
Willie Mae Thomas appeals the granting of summary judgment in favor of defendants, the Orleans Parish Criminal Sheriffs Office and the State of Louisiana through the Department of Corrections. For the following reasons, we dismiss the appeal, without prejudice.
STATEMENT OF FACTS:
Derrick Thomas (Thomas) died on November 10, 1997 while serving a sentence with the State of Louisiana through the Department of Corrections (DOC). It is alleged that at the time of his death, Thomas was in the physical custody of the Orleans Parish Criminal Sheriffs Office (Sheriff).
On January 28, 1998, Thomas’ mother, Willy Mae Thomas (Ms. Thomas), filed a Petition for Wrongful Death and Survival Action against the DOC, the Sheriff, and the City of New Orleans. On September 19, 2003, an amended petition was filed, naming Louisiana State University Health Science Center, School of Medicine in New Orleans (LSU) and Dr. Margarite R. Pore-da (Dr. Poreda) as additional defendants.
The Sheriff and the DOC each filed a Motion for Summary Judgment; and the matters were presented to the trial court on September 22, 2003. After oral | a argument, the trial court ruled from the bench, granting the Sheriffs Motion for Summary Judgment. The judgment on behalf of the Sheriff was signed on December 2, 2003. At the same time, the DOC’s Motion for Summary Judgment was granted as unopposed. That judgment was signed on December 3, 2003. On November 19, 2003, Ms. Thomas filed a devolutive appeal of the judgment dismissing the Sheriff.
DISCUSSION:
This action was filed on January 28, 1998. La.Code Civ. Proc. art. 1915(B), as amended in 1997, applies in this matter and provides in pertinent part:
(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as *895 to one or more but less than all of the claims, demands, issues, theories or parties, whether in an original demand, reconventional demand, cross-claim, third party claim or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
 In Jackson v. America’s Favorite Chicken Co., 98-0605, p. 11 (La.App. 4 Cir. 2/3/99), 729 So.2d 1060, 1066, this Court examined the prior decisions of this circuit concerning La.Code Civ. Proc. art. 1915 certification, and issued a set of general rules to be applied to future appeals of partial judgments that lack proper certification. Those rules include the following: (1) a trial court’s mere signing of an order for appeal from a partial judgment will not make that judgment immediately appeal-able; and (2) the record must contain and clear and concise ^statement by the trial court of why there is no just reason for delay. Id. Mere conclusory statements do not suffice.
In the present case, it appears from the record that at least two viable defendants, namely LSU and Dr. Poreda, remain.[1] The judgment dismissing the Sheriff is therefore a partial judgment which, in order to be immediately appealable under article 1915(B), must be certified by the trial court as a final judgment. The record contains no such certification. Accordingly, we dismiss the appeal, without prejudice. After final judgment is rendered adjudicating all of the claims, demands, issues, and theories as to all parties involved, the complained of partial summary judgment will be appealable. Jackson, supra at p. 4, 729 So.2d at 1063.
APPEAL DISMISSED, WITHOUT PREJUDICE.

. Ms. Thomas' appellant brief makes reference to the trial court's granting of an Exception of No Cause of Action in favor of the City of New Orleans on September 29, 2003. The appeal record does not contain any such judgment, nor is it reflected in the transcript of the September 22, 2003 hearing. The status of the exception is not relevant to this appeal.