h CANNIZZARO, J.,
CONCURS WITH REASONS.
I concur in the result in this case. I do not, however, think that La. C.C. Pr. art. 1915(B), as in effect at the time the instant case was filed, required the trial court to specify the reasons used by the court to determine that there was no just reason for a delay in taking an appeal.
Despite the language in Jackson v. America’s Favorite Chicken Co., 98-0605 (La.App. 4 Cir. 2/3/99), 729 So.2d 1060, discussed in the majority opinion, article 1915(B) provided only that a judgment would not constitute “a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.” I do not interpret this language to require the trial court to give the underlying reasons for the court’s determination that *896 there is no just reason for delay. Rather, I think the trial court is required to state that the judgment is designated as final judgment and that there is no just reason for there to be a delay in taking an appeal. I believe that when a trial court states without equivocation that a judgment has been determined to be a final judgment and that there is no reason to delay an appeal, this Court should defer to the trial court’s determination without requiring a statement of reasons for the determination.