BYRNES, Judge.
Defendants-appellants, Priority E.M.S., Inc., Jan Boatright and Michael Boatright appeal a judgment rendered against them on December 5, 1996, and another judgment rendered on July 9, 1998. Appellees, Safeway Financial Services, Inc., Joseph Young, Jr. and Alacrity, Inc., moved to dismiss the *1187 appeal as to both judgments on the grounds that they are not final appealable judgments.
On December 5, 1996, judgment was rendered in favor of the plaintiff-appellee, Safeway Financial Services Inc, against defendants-appellants, Jan and Michael Boat-right and Priority E.M.S., for $413,000.00 plus attorney fees, interest and costs. The signing of the December 5, 1998 judgment was revoked by the trial court on February 4, 1997 on the ex parte motion ofappellants, leaving it in the status of a rendered but unsigned judgment. Appellants acknowledge in their opposition to the motion to dismiss appeal filed by Safeway Financial Services, Inc. Joseph Young, Jr. and Alacrity, Inc. that “the December 5, 1996 judgment was not final, and no appeal was able to be taken from that judgment until it was final.”
Appellants filed an Application for Supervisory Writs which was denied by this Court in an unpublished opinion informing the appellants that they must take either a suspen-sive or devolutive appeal. Priority E.M.S., Inc. v. Crescent City E.M.S., Inc., (La.App. 4 Cir. 8/27/97), 698 So.2d 1078, writ denied (La.11/21/97); 703 So.2d 1317.
Priority and the Boatrights filed a motion for reconsideration requesting a new trial and that the original money judgment be cancelled from the mortgage records. On July 9, 1998, in response to that motion, the trial court rendered a partial judgment denying the request for cancellation of earlier judgments from the mortgage records, denied a new trial on the merits, but granted a new trial on quantum only. This partial judgment is not a final appealable judgment. It was not certified as such as required by LSA-C.C.P. art. 1915 B and the issue of liability was not tried separately as required by LSA-C.C.P. art. 1915 A(5).
For the foregoing reasons, we hereby dismiss this appeal.
APPEAL DISMISSED.