SUSAN M. CHEHARDY, Judge.
This is an appeal from a judgment granting a preliminary injunction against Safeway Financial Services (hereafter “Safeway”). At issue is whether the defendants, Priority E.M.S., Inc., Michael Boatright and Jan Boatright (hereafter collectively called “the Boatrights”), owe Safeway interest on an Orleans Parish judgment. We reverse the ruling and we dissolve the preliminary injunction.
This suit began with Safeway’s petition to make an Orleans Parish judgment exec-utory. Safeway obtained a writ of fieri facias against Jefferson Parish property belonging to the defendants. The defendants then filed a reconventional demand for an injunction to prohibit sale of the seized property and to dissolve the seizure, asserting that the judgment in Safeway’s favor had been satisfied by payment under an appeal bond.
After a hearing, the trial court granted the motion for preliminary injunction in part, prohibited Safeway from seizing property of the Boatrights in excess of $30,858.00. The court concluded that the Boatrights owed Safeway less than Safeway claimed.
Safeway appeals and contends the limitation leaves the judgment unsatisfied.
BACKGROUND
Before addressing the issues in the case at bar, we must explain the underlying case from Orleans Parish, Priority E.M.S. v. Crescent City E.M.S., 01-2171 (La.App. 4 Cir. 10/16/02), 829 So.2d 1066, writ denied 02-3111 (La.2/21/03), 837 So.2d 632, in which the judgment made the basis of this suit was rendered.
In 1988, Safeway lent money to Michael Boatright and his wife, Jan Boatright, to start up a corporation, Priority E.M.S., Inc. (“Priority”). In return, Safeway and its nominee, Alacrity, Inc. (“Alacrity”) each received 30 shares of stock in the corporation, which Safeway was assured represented 60 percent of the corporation, a controlling interest.[1] Safeway is owned by Joseph Young, Jr., who initially served as an executive of Priority. Disagreements arose between the Boatrights and Young in operation of Priority. Safeway (i.e., Young) learned that far more shares had been issued than the Boatrights originally disclosed, so that Safeway’s 60 shares represented less than one percent of the authorized shares. Litigation ensued.
In Priority E.M.S., Inc. v. Crescent City E.M.S., d/b/a Medic One and Medic One, Inc., et al., 90-19542 (Civil District Court, Parish of Orleans), the Orleans court rendered judgment on December 5, 1996 finding Priority and the Boatrights liable to Safeway in the sum of $413,000.00 plus interest from date of judicial demand plus costs. In addition, the court awarded $41,300.00 in attorney’s fees. The court specifically found that the Boatrights had *155 committed fraud and breach of contract with the intention of wresting control of Priority from Safeway.
Subsequently, on February 4, 1997, the Orleans judge issued an order that on its face is confusing,[2] but that was later interpreted by the Fourth Circuit to apply to the December 5, 1996 judgment and to leave it in the status of a rendered but unsigned judgment.[3]
On July 9, 1998 the trial court granted a new trial as to quantum only, stating:
Insofar as the reasons for Judgment based on the facts, this court feels compelled to deny a new trial on the merits and renders Judgment accordingly.
Insofar as the amount of damages awarded, this court has done the most in-depth searching. I have reviewed my entire reasons and the conflicting testimony in this matter and sincerely feel that the damages awarded may be out of proportion to the harm suffered. For this reason this court feels justified in granting a new trial to Priority and the Boatrights on the matter of quantum only. A new trial on quantum would give both sides an opportunity to present evidence of the actual damages suffered.
This court also certifies that the judgment on merits only is a final judgment.
Following the new trial by a successor to the original judge, who had retired,[4] on February 16, 2001 the Orleans court rendered an amended judgment that awarded Safeway $429,658.00 in damages plus $10,000 in additional attorney’s fees, and costs, but did not mention interest. The judgment specified it was regarding a “new trial on the quantum of damages only.” In reasons for judgment the court stated, “This is a new trial granted by Judge DiRosa solely on the issue of quantum which he set aside as being overly compensatory.”
Thereafter the Boatrights appealed. In Priority E.M.S. v. Crescent City E.M.S., 01-2171 (La.App. 4 Cir. 10/16/02), 829 So.2d 1066, writ denied 02-3111 (La.2/21/03), 837 So.2d 632, the Fourth Circuit reviewed and affirmed both the judgment of December 5, 1996 and the judgment of February 16, 2001. The supreme court denied writs.
On April 4, 2003 Travelers Casualty and Surety Company of America, the surety on the Boatrights’ devolutive appeal bond, issued a check to Safeway in the amount of $450,000.00, which was the extent of Travelers’ liability on its bond.
Thereafter Safeway filed the instant suit in Jefferson Parish to execute against a house owned by the Boatrights in Jefferson. The Boatrights filed a reconven-tional demand seeking the injunction to halt execution, while Travelers intervened *156 in the suit. The Boatrights and Travelers contended that the December 5, 1996 judgment had been vacated and set aside by the rendition of the February 16, 2001 judgment on a motion for new trial. Because the 2001 judgment did not specify interest on the award, therefore, the Boat-rights and Travelers argued that no interest was due, so that the $450,000.00 already paid was full satisfaction of the February 16, 2001 judgment.
In contrast, Safeway argued that the February 16, 2001 was intended to supplement the first judgment, not to replace it, so that the award of interest in the December 5, 1996 judgment was still in force. Alternatively, Safeway asserted that the fraud action lay in tort and, therefore, interest is automatically a part of the judgment without being specified.
The trial court held that the attorney’s fees awarded in the February 16, 2001 judgment were intended as additional fees. The court noted that Travelers and the Boatrights had admitted that they were not trying to annul the December 5, 1996 judgment. However, the court also stated,
This Court determined that Safeway was awarded a judgment due to the Boatrights’ violation of obligations owed to Safeway rather than as a result of a tort. As stated by the Fourth Circuit, “[c]learly, the trial judge concluded that the fraud occurred in the performance of the contract. After reviewing the testimony and evidence in the record, we cannot say this finding is manifestly erroneous.” If the Court rendering the judgment intended that the two judgments be read together except for the quantum amount, then that Court must clarify its intent. This Court cannot enforce a judgment which does not spe-eifically award judicial interest when the law does not mandate judicial interest regardless of the wording of the judgment.
In accordance with the finding, the trial court granted the motion for preliminary injunction in part, as noted above, limiting it to the amount the court found remained owed on the judgments.
On appeal to this Court, Safeway contends the trial court erred in determining that the interest awarded in the December 5, 1996 judgment does not apply to the February 16, 2001 judgment. Safeway asserts that over $400,000.00 in interest is due on the judgments.
The Boatrights contend that the purpose of a preliminary injunction is to preserve the status quo pending determination of the merits on the permanent injunction and that the trial court did not abuse its discretion in granting the preliminary injunction.[5] The Boatrights do not contest Safeway’s assertion that the injunction should be lifted if we determine that the interest award applies.
LAW AND ANALYSIS
A valid and final judgment is conclusive between the same parties. La.R.S. 13:4231. The opinion of the Fourth Circuit in Priority E.M.S. v. Crescent City E.M.S., 01-2171 (La.App. 4 Cir. 10/16/02), 829 So.2d 1066, writ denied 02-3111 (La.2/21/03), 837 So.2d 632, became final when the supreme court denied writs. La.C.C. art. 2166(E).
After reviewing the Fourth Circuit opinion carefully, we conclude the trial court committed an error of law in interpreting the opinion. The Fourth Circuit opinion reviewed both judgments and affirmed both judgments. The February 16, 2001 *157 judgment dearly was intended to apply to quantum only. Neither Judge DiRosa in granting the partial new trial on quantum, nor Judge Julien in rendering the amended judgment on quantum, nor the Fourth Circuit in reviewing the judgments, ever indicated that the award of interest in the December 12, 1996 judgment was vacated or reversed in any way.
The judgments were intended to be read together and the Fourth Circuit treated them in that way. The Fourth Circuit did not consider the 1996 judgment to have been superceded by the 2001 judgment in any way except as to quantum.
The district court in this case understood that the December 5, 1996 judgment had not been vacated; hence, the court upheld the award of additional attorney’s fees made by Judge Julien. The court erred, however, in stating that interest could not be awarded because it was not contained in the February 16, 2001 judgment. The award of interest in the December 5, 1996 judgment encompasses and includes the quantum in the February 16, 2001 judgment. In ignoring the interest award made in the December 5, 1996 judgment, the trial court abused its discretion. Accordingly, the injunction was improvidently issued.
For the foregoing reasons the judgment is reversed and the preliminary injunction is dissolved. Costs are assessed against the appellees, Priority E.M.S., Inc., Michael Boatright and Jan Boatright.

REVERSED; INJUNCTION DISSOLVED.

. Henceforth, for ease of reference we treat all 60 shares as if they were Safeway's. Eventually Safeway acquired all of Alacrity’s shares.

. The February 4, 1997 order stated:
It is ordered by the Court that the signing of the judgment of January 31, 1997 remain as rendered, denying the movers a new trial. However, the signing of that Judgment by the Court is revoked and set aside, nunc pro tunc, thus causing the Judgment to revert to a rendered but unsigned Judgment under LSA-C.C.P. art.1911, thus staying execution pending further orders of the Court.

. Priority E.M.S., Inc. v. Crescent City E.M.S., Inc., 98-2537 (La.App. 4 Cir. 12/23/98), 727 So.2d 1186, 1187, writ denied, 99-1034 (La.6/18/99), 745 So.2d 23, was an appeal from the December 5, 1996 judgment. The Fourth Circuit noted that a new trial was pending on quantum, making the December 5, 1996 judgment was a partial judgment and, as such, not appealable. That appeal was dismissed.

. The original judge was Louis A. DiRosa, who signed the December 5, 1996 judgment as well as the judgment granting the new trial. The successor to his seat was Ethel Simms Julien, who signed the Amended Judgment of February 16, 2001.

. Travelers is no longer a party to this appeal. On February 17, 2004 the district court granted Travelers’ motion for voluntary dismissal of its intervention without prejudice. Travelers filed a certified copy of the dismissal in this Court on February 18, 2004.